**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 9, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL W. LEONARD,

      Petitioner - Appellant,

      v.

DAVID PARKER, Warden,

      Respondent - Appellee.

No. 09-7072

(E.D. Oklahoma)

(D.C. No. 6:08-CV-00479-FHS-KEW)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **HARTZ**, **EBEL**, and **O'BRIEN**, Circuit Judges.

Michael W. Leonard, an Oklahoma state prisoner proceeding pro se, seeks a

certificate of appealability (COA) to appeal the denial of his 28 U.S.C. § 2254

application for habeas relief. *See id.* § 2253(c) (requiring COA to appeal denial

of application). Because Mr. Leonard has failed to make a substantial showing of

the denial of a constitutional right, as required by 28 U.S.C. 2253(c)(2), we deny

his request for a COA and dismiss the appeal.

**I.     BACKGROUND**

Mr. Leonard entered a nolo contendere plea in Oklahoma state court to

first-degree rape by instrumentation (count 6), lewd molestation (counts 7 and 8),

failure to register as a sex offender (count 9), and sex offender living within 2000

feet of school (count 10). His sentence on each of counts 6, 7, and 8 was 20

years' imprisonment with all but the first five years suspended; and on each of counts 9 and 10 the sentence was 10 years' imprisonment with all but the first five years suspended. The terms were to be served concurrently. His later motions to withdraw his plea and for judicial review of his sentence were denied by the sentencing court.

Mr. Leonard then pursued postconviction relief in state court. He claimed that the court where he had entered his plea lacked subject-matter jurisdiction because the information charging him with the offences to which he pleaded guilty had not been verified as required by Oklahoma law, and therefore the sentencing court lacked jurisdiction in his case. (Mr. Leonard also argued that his plea was not made knowingly, voluntarily, and intelligently; but that argument has not been presented to this court.) The Oklahoma district court found that the information was properly verified and the Oklahoma Court of Criminal Appeals (OCCA) affirmed, holding that Mr. Leonard had failed to establish that the district court had erred in that finding.

On December 31, 2008, Mr. Leonard filed his § 2254 application in the United States District Court for the Eastern District of Oklahoma. The district court reasonably read his application and accompanying brief as asserting only that the OCCA had handled his postconviction appeal unfairly because it had not adequately addressed his argument that the sentencing court lacked subject-matter jurisdiction. One might also read his application, however, as additionally

-2-

asserting that his rights under the Oklahoma Constitution were violated when he was prosecuted in a court lacking jurisdiction, that the violations of his state constitutional rights violated the Due Process Clause of the 14th Amendment of the United States Constitution, and that his federal due-process rights were violated because his prosecution stemmed from an unverified information. The district court denied relief. Mr. Leonard argues in this court that the federal district court erred. In support of a COA, he contends that (1) the state sentencing court lacked jurisdiction because the information was not verified, and (2) that due process demands that an information be verified to confer jurisdiction upon a court in felony cases.

## II. DISCUSSION

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, an applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that when a claim has been adjudicated on the merits in state court, a federal court will grant habeas relief only when the applicant establishes that the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). In addition, "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see Stevens v. Ortiz*, 465 F.3d 1229, 1240 (10th Cir. 2006) ("We presume the factual findings of the state court and the federal district court are correct unless clearly erroneous." (brackets and internal quotation marks omitted)). Moreover, "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of a . . . request for [a] COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

Mr. Leonard's argument in district court was expressed primarily as a challenge to postconviction proceedings in state court. Such a challenge, however, is not cognizable under § 2254. Relief under 2254 is granted only for errors in the state judgment forming the basis for incarceration. *See Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) ("[B]ecause the constitutional error

he raises focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration, it states no cognizable federal habeas claim."); *United States v. Dago*, 441 F.3d 1238, 1248 (10th Cir. 2006) ("due process challenges to post-conviction procedures fail to state constitutional claims cognizable in a federal habeas proceeding").  If that judgment was proper, there is no ground for habeas relief based on flaws in state postconviction proceedings.  *See Sellers*, 135 F.3d at 1339.  Thus, if Mr. Leonard's claim is only that the OCCA proceeding deprived him of due process, it "fail[s] to state a federal constitutional claim cognizable in a federal habeas proceeding." *Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993); *see Sellers*, 135 F.3d at 1339.

Before this court, however, and perhaps before the district court, Mr. Leonard has raised challenges to the judgment against him.  The thread common to all these challenges is that the information against him was not properly verified.  But the state district court found that the information was properly verified, and the OCCA affirmed that finding.  We are bound by that finding unless presented with clear and convincing evidence that the finding was erroneous.  *See* 28 USC § 2254(e)(1).  Mr. Leonard has presented no such evidence.  Therefore, the factual predicate for all his challenges fails, and he is not entitled to relief.

## III.    CONCLUSION

No reasonable jurist could debate that Mr. Leonard's application under § 2254 should have been resolved in a different manner or that the issues he presented were adequate to deserve encouragement to proceed further. *See Slack*, 529 U.S. at 484. Therefore, we DENY Mr. Leonard's application for a COA and DISMISS the appeal. We grant Mr. Leonard's motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge