**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

STEVEN A. DELOGE,

     Petitioner - Appellant,

v.

EDDIE WILSON, Warden of the
Wyoming Medium Correctional Institution;
BRIDGET HILL, Wyoming Attorney
General,

     Respondents - Appellees.

No. 20-8022
(D.C. No. 2:19-CV-00197-ABJ)
(D. Wyo.)

_____

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **KELLY**, and **EID**, Circuit Judges.
_____

Steven A. DeLoge, a Wyoming state prisoner, seeks a certificate of appealability

(COA) to appeal from the district court's dismissal of his habeas application under

28 U.S.C. § 2241.  *See Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000)

(28 U.S.C. § 2253(c)(1)(A) requires COA for state prisoner to appeal denial of relief

under § 2241).  We deny a COA and dismiss this matter.

---

[*] This order is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

DeLoge pleaded guilty to six counts of second-degree sexual assault and received six consecutive life sentences. In the 20 years since his sentencing he has repeatedly challenged those convictions and sentences, in both state and federal court. In 2017 the Wyoming Supreme Court imposed filing restrictions that require him to obtain its permission before filing any papers related to his conviction in state court. *See DeLoge v. State*, 397 P.3d 177, 179 (Wyo. 2017); *DeLoge v. State*, No. S-16-0283 (Wyo. July 11, 2017) (unpublished order). That court later denied DeLoge leave to file postconviction motions relating to the enhancement portion of a sentencing statute and DNA testing.

DeLoge filed a § 2241 application in the United States District Court for the District of Wyoming, alleging that the state court's denial of leave to file his postconviction motions violated his constitutional rights to due process and equal protection. The State moved to dismiss. The district court concluded that one claim in DeLoge's application was untimely and all were unexhausted. Further, noting that DeLoge "is inconsistent in what he claims to be attacking, at first saying in his Petition that he is not attacking his conviction and then saying in his Response that he is," R. at 418, the district court doubted whether DeLoge's claims were proper habeas claims. Accordingly, it granted the State's motion to dismiss and denied a COA.

## DISCUSSION

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court denied DeLoge's application on procedural grounds, he must "show[], at least, that jurists

2

of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

But reasonable jurists could not debate whether DeLoge's application states a valid claim of the denial of a constitutional right. Section 2241(c)(3) permits issuance of a writ of habeas corpus for a person "in custody in violation of the Constitution or laws or treaties of the United States." DeLoge's claims, however, challenge the constitutionality of the Wyoming Supreme Court's state postconviction procedures, not the constitutionality of the judgment imposing his incarceration. It is well-settled in this circuit that attempts to attack state "post-conviction procedures . . . fail to state a federal constitutional claim cognizable in a federal habeas proceeding." *Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993); *see Lopez v. Trani*, 628 F.3d 1228, 1229 (10th Cir. 2010) ("Our precedent makes clear that the district court did not err in dismissing claims that related only alleged errors in the post-conviction proceedings."); *United States v. Dago*, 441 F.3d 1238, 1248 (10th Cir. 2006) ("[D]ue process challenges to post-conviction procedures fail to state constitutional claims cognizable in a federal habeas proceeding."); *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) ("[B]ecause the constitutional error [the prisoner] raises focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration, it states no cognizable habeas claim."); *Leonard v. Parker*, 353 F. App'x 93, 95 (10th Cir. 2009) ("If th[e] judgment [of conviction] was proper, there is no ground for habeas relief based on flaws in state postconviction proceedings.").

Because DeLoge is clearly not entitled to a COA, we reject his argument that the district court erred in denying his request for appointed counsel.

## CONCLUSION

We deny a COA and dismiss this matter.

Entered for the Court

Harris L Hartz
Circuit Judge