In the

# United States Court of Appeals
## For the Seventh Circuit
_____

No. 08-1283

LAWRENCE STEVENS,

*Petitioner-Appellant*,

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee*.

_____

Appeal from the United States District Court
for the Central District of Illinois.
No. 07 C 2180—**Michael P. McCuskey**, *Chief Judge.*

_____

SUBMITTED MAY 8, 2008—DECIDED JULY 1, 2008[Œ]

_____

Before EASTERBROOK, *Chief Judge*, and RIPPLE and
ROVNER, *Circuit Judges*.

RIPPLE, *Circuit Judge.* This is Lawrence Stevens' second
appeal from the district court's denial of his motion to
return property pursuant to Federal Rule of Criminal
Procedure 41(g). In its initial disposition, the district
court denied Mr. Stevens relief based solely on the argu-

---

[Œ] After examining the briefs and the record, we have concluded
that oral argument is unnecessary. Thus, the appeal is submitted
on the briefs and the record. Fed. R. App. P. 34(a)(2).

ments made by the Government. We vacated this judgment and instructed the district court that its disposition of Mr. Stevens' motion must have an evidentiary basis. *United States v. Stevens*, 500 F.3d 625, 628 (7th Cir. 2007) (*Stevens II*). On remand, the Government provided support for its position in the form of an affidavit and other documentary evidence. Based on this evidence, the district court again denied Mr. Stevens' motion. We affirm the judgment of the district court.

# I

# BACKGROUND

## A. Federal Prosecution

In March 2002, two armed men robbed the Land of Lincoln Credit Union ("Credit Union") in Decatur, Illinois. One of the suspected robbers, Alban Woods, was found nine days later; he had been shot to death. The investigation of these crimes led the police to Mr. Stevens. A search of Mr. Stevens' residence uncovered various items, including crack cocaine, firearms and ammunition, a postal scale, a cellular phone, $49,312 in currency[1] and two cars—a Buick Roadmaster and a Lincoln Towncar.

As a result of this search, Mr. Stevens was charged with, and convicted of, federal drug and firearms offenses. He was sentenced to a term of 327 months' imprisonment to be followed by a consecutive term of life imprisonment. The district court also imposed a special assessment of

---

[1] Specifically, $15,750 was recovered from Mr. Stevens' bedroom, $1,580 was found hidden under a floor board, and another $31,982 was discovered in the ceiling.

$300, but it made no reference to any restitution or forfeiture of the items seized. We affirmed Mr. Stevens' conviction and sentence on direct appeal. *See United States v. Stevens*, 380 F.3d 1021 (7th Cir. 2004).

### B. Motion to Return Property

Over two years after we affirmed his conviction and sentence, Mr. Stevens filed a motion under Federal Rule of Criminal Procedure 41(g) in which he demanded return of unspecified property seized by the Government. The district court ordered the Government to respond to Mr. Stevens' motion.

In its response, the Government argued that Mr. Stevens' motion should be denied because it no longer possessed any of the items seized during the search of Mr. Stevens' residence. The Government gave the following account of the items taken from Mr. Stevens' residence: (1) the cars had been forfeited judicially in proceedings in the Central District of Illinois; (2) the $15,750 and the $1,580 had been used as evidence in Mr. Stevens' criminal trial and subsequently turned over to the Macon County Sheriff's Department for state forfeiture proceedings; (3) the cellular phone and the scale had been used as evidence in Mr. Stevens' federal criminal trial and subsequently were destroyed by the clerk of the court; (4) the crack cocaine had been used as evidence in Mr. Stevens' federal criminal trial and subsequently had been returned to the Macon County Sheriff's Department, where it was destroyed; (5) the guns and ammunition also had been used in the federal trial and subsequently had been turned over to the Macon County Sheriff's Department for use in its investigation into the murder of Woods; and

(6) the $31,982 had been turned over to the Federal Bureau of Investigation ("FBI") for its investigation into the robbery of the Credit Union and subsequently was returned to the Credit Union by the FBI. The Government did not support this explanation with any testimonial or documentary evidence.

Based on the Government's submission, the court denied Mr. Stevens' motion. Mr. Stevens then filed a reply to the Government's response. In his reply, Mr. Stevens identified the specific items he wanted returned; these included the items identified in the Government's response, as well as clothing, jewelry, a pager and videos that he alleged also had been seized. The district court considered Mr. Stevens' reply, but it determined nevertheless that Mr. Stevens was not entitled to the relief sought. Mr. Stevens appealed.

On appeal, we vacated the district court's judgment. We acknowledged Mr. Stevens' right to employ Rule 41 "to recover evidence that the Government no longer needs." *Stevens II*, 500 F.3d at 628. However, we noted, "Rule 41(g) permits only the recovery of property in the possession of the Government. Therefore, if the Government no longer possesses the property at issue, no relief is available under Rule 41(g)." *Id.* (citations omitted). We further explained that "whether the Government still possesses the property at issue is a question of fact," and, according to Rule 41(g), the resolution of any factual issue must be supported by evidence. *Id.* This did not mean that the "district court must conduct an evidentiary hearing to resolve all factual disputes"; however, we noted that the rule does "require . . . the district court to receive evidence to resolve factual disputes" and that the evidence can take the form "of sworn affidavits or docu-

ments verifying the chain of custody of particular items." *Id.* Because the district court's factual conclusion that the Government no longer possessed Mr. Stevens' property was not supported by any evidence, we vacated the district court's judgment. Specifically, we ordered that "[o]n remand, the district court should receive evidence and make the appropriate factual findings with respect to the current status of the property Mr. Stevens seeks to recover." *Id.* at 629.

## C. Proceedings on Remand

On remand, the district court ordered that Mr. Stevens' motion be filed as a civil matter and directed the Government to respond to the motion and to provide evidentiary support for its assertion that it no longer possessed Mr. Stevens' property. The Government filed a response that included an affidavit of FBI Special Agent Jeffrey Warren, docket sheets from state and federal forfeiture proceedings, and a judgment in a federal case. In his affidavit, Special Agent Warren explained that the $15,755 and the $1,580 were turned over to the Macon County Sheriff's Department for state forfeiture proceedings; he returned the remainder of the currency to the Credit Union.[2] With respect to the cellular phone and the scale, Special Agent Warren stated that they had been deposited with the clerk's office for use in the federal trial but had not been withdrawn. The district court took judicial notice that it is the policy of the clerk's office to

---

[2] Agent Warren returned these funds to the Credit Union because Mr. Stevens, in his initial interviews with police, had stated that the money represented proceeds of the robbery.

destroy property that is not claimed after a case is completed. The court also took judicial notice of federal forfeiture proceedings that had disposed of the cars. With respect to the remaining items, the clothing, jewelry and DVDs, Special Agent Warren stated that those items never had been seized from Mr. Stevens' home and were not in the Government's possession.

In his reply, Mr. Stevens maintained that portions of the Government's response conflicted with positions that it had taken during his criminal trial. He also disputed that he had told police that the $31,982 were proceeds of the Credit Union robbery. However, he did not dispute that the Government no longer possessed any of the property that he sought through his motion.

After considering the parties' submissions, the district court again denied Mr. Stevens' motion. The court observed that "the fact that the government doesn't have [the property sought in a Rule 41(g) motion] is ordinarily a conclusive ground for denial of the motion." R.7 at 7 (quoting *Okoro v. Callaghan*, 324 F.3d 488, 492 (7th Cir. 2003)) (alteration in original). Thus, the court concluded that because "the Government is not in possession of any of the items sought by Petitioner, the Motion for Return of Property must be DENIED." *Id.*

## II

## DISCUSSION

In Mr. Stevens' first appeal from the denial of his Rule 41(g) motion, we vacated the district court's judgment on a single ground: It had made a factual finding—that the Government no longer possessed any of Mr. Stevens'

property—without complying with the requirement, set forth in Rule 41(g), that the district court "receive evidence on any factual issue necessary to decide the motion." Fed. R. Crim. P. 41(g). On remand, the district court complied with our instruction to "receive evidence and make the appropriate factual findings with respect to the current status of the property Mr. Stevens seeks to recover." *Stevens II*, 500 F.3d at 629. The district court docketed Mr. Stevens motion as a civil matter and ordered the Government "to respond to the motion with evidence to support its assertion that it no longer possesses the property sought by Petitioner." R.7 at 7. The Government filed its response supported by the affidavit of Special Agent Warren, docket sheets from state and federal forfeiture actions, and a judgment in a federal civil case. Mr. Stevens filed a motion to strike and a reply to the Government's response. Although Mr. Stevens argued that the Government had not complied with our mandate because it had not "supplied receipts, or other forms of proof establishing that it returned the funds in question to any third-party," R.5 at 1, he did not come forward with any evidence that contradicted the Government's claim that it no longer was in possession of any of his property. The district court, therefore, denied Mr. Stevens' motion.

Mr. Stevens' contention that the district court failed to comply with our instructions is without merit. He insists that, in order to support its claim that it no longer possesses the currency seized from Mr. Stevens' residence, the Government was required to come forward with "some objective documentary evidence indicating actual receipt thereof by the bank." Appellant's Br. at 10. We stated in *Stevens II*, however, that "[s]uch evidence may come,

for example, in the form of sworn affidavits *or* documents verifying the chain of custody of particular items." 500 F.3d at 629 (emphasis added). Nothing in our opinion required receipts or statements from third parties.[3]

Mr. Stevens also maintains that the Government's disposition of his property did not comply with the Civil Asset Forfeiture Reform Act ("CAFRA"), 18 U.S.C. § 983 et seq., and, therefore, the district court should have applied a presumption that the Government was not being truthful with respect to the status of Mr. Stevens' property. *See* Appellant's Br. at 11-12. However, even assuming some application of CAFRA to the forfeiture of Mr. Stevens' property, Mr. Stevens does not point to any provision of CAFRA, any other statute or any case law that authorizes the application of such a presumption in a Rule 41(g) proceeding.

Finally, Mr. Stevens maintains that the Government's return of the $31,982 to the Credit Union is inconsistent with the position it took in his criminal trial—that the seized currency was generated through drug sales. He claims that the jurors undoubtedly "relied on the evidence of the seized monies to find that [he] was trafficking in illegal drugs." Appellant's Br. at 9. Therefore, because his conviction is "premised on false or perjured testimony or evidence," this court should reverse his conviction. *Id.* at 10. If Mr. Stevens believes that the arguments made

---

[3] For the first time on appeal, Mr. Stevens suggests that the district court should have allowed him to conduct limited discovery to test the Government's evidence. *See* Appellant's Br. at 11. Because this argument was not presented to the district court, it is forfeited. *See, e.g.*, *King v. Illinois St. Bd. of Elections*, 410 F.3d 404, 421 (7th Cir. 2006).

by the Government in this action undermine the validity of his criminal sentence, the proper means for raising that argument is through a motion brought pursuant to 28 U.S.C. § 2255 for relief from the criminal judgment. He may not challenge his conviction by way of a Rule 41(g) motion.

## Conclusion

On remand from *Stevens II*, the district court concluded, based on the Government's undisputed evidence, that the Government no longer possessed Mr. Stevens' property. Because the district court found that the Government was not in possession of any of Mr. Stevens' property, the court did not abuse its discretion in denying Mr. Stevens' Rule 41(g) motion. Consequently, we affirm the judgment of the district court.

AFFIRMED