2010 WY 60

**Steven A. DeLOGE, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. S–09–0117.

Supreme Court of Wyoming.

May 14, 2010.

Rehearing Denied June 22, 2010.

Representing Appellant: Steven A. De-Loge, pro se.

Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Graham M. Smith, Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

KITE, Justice.

[¶ 1]   Mr. DeLoge, *pro se,* appeals from the district court's order dismissing his motion for return of property pursuant to W.R.Cr.P. 41(e) and closing the post-conviction matter.  The court ruled that, since Mr. DeLoge's property was in the possession of officials in another state, it did not have authority to order its return to him.  It also denied Mr. DeLoge's request for damages to compensate him for his loss.  Mr. DeLoge additionally claims that his due process rights were violated when the State did not preserve allegedly exculpatory evidence included in the transferred property and when this Court did not waive the docket fee.

[¶ 2]   We conclude that the district court properly dismissed Mr. DeLoge's Rule 41(e) motion for return of his property because the State did not have possession of it, sovereign immunity prevented the court from awarding him damages for the loss of his property, and he did not present a recognizable right to post-conviction preservation of exculpatory evidence.  Finally, we conclude that Mr. De-Loge waived his claim that he should have been allowed to proceed on appeal without paying the docket fee.

[¶ 3]   We affirm.

## ISSUES

[¶ 4]   Mr. DeLoge presents several issues on appeal.  However, his accompanying argument is repetitious and confusing.  After reviewing his brief, we have identified the following issues:

1.  Did the district court correctly conclude that it did not have authority under W.R.Cr.P. 41(e) to compel the return of property located outside its jurisdiction?

2.  Did the district court correctly conclude that it did not have authority to award Mr. DeLoge damages pursuant to W.R.Cr.P. 41(e)?

3.  Was Mr. DeLoge's right to due process of law violated by the State's suppression of, or failure to preserve, allegedly exculpatory evidence?

4.  Did this Court deny Mr. DeLoge due process when it required him to pay the docketing fee for his appeal?

## FACTS

[¶ 5]   This is Mr. DeLoge's fourth appeal to this Court.  In 2000, he pleaded guilty to six counts of second degree sexual assault on his girlfriend's daughter.  We affirmed his convictions and sentence in *DeLoge v. State,* 2002 WY 155, 55 P.3d 1233 (Wyo.2002) (*De-Loge I* ).

[¶ 6]   Pertinent to our decision in this case, the record indicates that in late 1999, the FBI took possession of certain items belonging to Mr. DeLoge which the Cheyenne Police Department had seized in the investigation of the sexual assault charges.  The FBI returned the items to the Cheyenne Police Department on July 10 or 11, 2000.  A few days later, the FBI again took possession of some of the items and transferred them to Mississippi, where they have since remained.  The Mississippi authorities retained the items for use in the investigation of the disappearance of Mr. DeLoge's girlfriend (mother of the sexual assault victim).

[¶ 7] In October 2003, Mr. DeLoge filed a Motion for Preservation and Return of Seized Property pursuant to W.R.Cr.P. 41(e):

(e) *Motion for return of property.* A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the court in which charges are pending or if charges have not been filed the court from which the warrant issued for the return of the property on the ground that such person is entitled to lawful possession of the property. The court shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted, the property shall be returned to the movant, although reasonable conditions may be imposed to protect access and use of the property in subsequent proceedings. If a motion for return of property is made or comes on for hearing after criminal charges have been filed, it shall be treated also as a motion to suppress under Rule 12.

[¶ 8] The district court did not rule on his motion within ninety days and Mr. DeLoge appealed, claiming the deemed denied provision of W.R.C.P. 6(c)(2) applied. We concluded that W.R.C.P. 6(c)(2) did not apply, dismissed the appeal because there was no final order and remanded to the district court for a ruling on Mr. DeLoge's Rule 41(e) motion. *DeLoge v. State,* 2005 WY 152, ¶ 13, 123 P.3d 573, 578 (Wyo.2005) (*DeLoge II* ).

[¶ 9] On remand, the district court held a hearing. Counsel for the State orally represented that the items had been transferred to authorities in Mississippi and Washington for use in other investigations, but did not present any evidence to substantiate its representations. The district court directed the State to return Mr. DeLoge's property to the district court when the items were no longer needed by the Mississippi and Washington[1] authorities. *DeLoge v. State,* 2007 WY 71, ¶ 7, 156 P.3d 1004, 1007 (Wyo.2007) (*DeLoge III* ).

[¶ 10] Mr. DeLoge appealed from the district court's order, and we reversed, ruling that the district court erred by failing to require the State "to submit evidence regarding the government's continuing interest in retention of Mr. DeLoge's property." *Id.,* ¶ 27, 156 P.3d at 1012. We remanded for an evidentiary hearing. *Id.,* ¶ 28, 156 P.3d at 1012.

[¶ 11] The district court held a hearing on December 5, 2007. Evidence was presented indicating that Wyoming authorities had possession of some of Mr. DeLoge's property. The State offered to transfer the property in its possession to Mr. DeLoge's trial counsel. Mr. DeLoge agreed to that arrangement, and that property is not at issue in this appeal.

[¶ 12] The State presented evidence that certain items seized from Mr. DeLoge had been transferred to Mississippi in 2000, and were still in that state's custody. A letter from a Mississippi law enforcement officer indicated that they needed to retain the items for their investigation into the disappearance of Mr. DeLoge's girlfriend. The district court stated it did not believe it had authority over property outside of its jurisdiction, but ordered the district attorney to request that Mississippi authorities provide an itemized list of the property belonging to Mr. DeLoge that was in their custody. The district attorney complied, but the Mississippi officials did not respond. Concluding there was no further remedy available to Mr. DeLoge, the district attorney filed a motion to close the case.

[¶ 13] The district court held a hearing on the State's motion in March 2009. At the conclusion of the hearing, the district court granted the State's motion to close the case, ruling that it had no authority to compel Mississippi law enforcement to return Mr. DeLoge's property. After it made that ruling, Mr. DeLoge requested that the State be ordered to compensate him for the loss of his property. The district court ruled that it did not have authority to award damages to Mr. DeLoge. Subsequently, the district court entered an order closing the case and dismissing all pending motions.

---

1. There is no longer any indication that Washington law enforcement has possession of any of the disputed property.

[¶ 14] Mr. DeLoge again appealed and procured an order from the district court allowing him to proceed *in forma pauperis.* The Clerk of this Court initially refused to docket Mr. DeLoge's appeal on the basis that he had not paid the docketing fee. The fee was subsequently paid.

## DISCUSSION

### A. W.R.Cr.P. 41(e)

[¶ 15] Mr. DeLoge initiated this case with a motion under W.R.Cr.P. 41(e) for return of his property. The district court denied his motion and granted the State's motion to close the case, ruling that it did not have authority under Rule 41(e) to order Mississippi authorities to return Mr. De-Loge's property. The denial of a motion for return of property under Rule 41(e) is usually reviewed for abuse of discretion, *DeLoge III,* ¶ 22, 156 P.3d at 1011. However, because the district court concluded it did not have the legal authority, i.e., jurisdiction, to order Mississippi officials to return Mr. De-Loge's property, our standard of review on this issue is *de novo. See, William F. West Ranch, LLC v. Tyrrell,* 2009 WY 62, ¶ 9, 206 P.3d 722, 726 (Wyo.2009); *Coleman v. State,* 2005 WY 69, ¶ 11, 115 P.3d 411, 413–14 (Wyo. 2005).

[¶ 16] Arguing that the district court's denial of his motion for return of property was erroneous, Mr. DeLoge cites to cases regarding a court's authority over property, *res,* seized as evidence in a criminal case which do not discuss Rule 41 or comparable rules. For example, Mr. DeLoge directs us to *United States v. $79,123.49 in United States Cash and Currency,* 830 F.2d 94 (7th Cir.1987). In that case, Wisconsin law enforcement seized the proceeds of an illegal drug transaction and initiated a forfeiture action. Subsequently, federal authorities filed for forfeiture of the same funds and took possession of the funds pursuant to a federal warrant. In resolving whether the state or federal authorities had authority over the funds, the Seventh Circuit Court of Appeals, ruled the court which first assumed jurisdiction over the property could exercise its jurisdiction to the exclusion of the other. *Id.* at 96. Although interesting, the decision in that case did not address Rule 41 and, consequently, is inapposite.

[¶ 17] Because Rule 41(e) is similar to F.R.Cr.P. 41(g),[2] we look to federal precedent to guide our analysis as to whether the district court had authority to order property located in Mississippi returned to Mr. De-Loge. *Bromley v. State,* 2009 WY 133, ¶ 18, 219 P.3d 110, 115 (Wyo.2009). As a general rule, a court does not have jurisdiction to grant a Rule 41 motion for return of the property when the evidence establishes that the governmental defendant no longer has possession of the property. *Clymore v. United States,* 415 F.3d 1113, 1120 (10th Cir.2005). *See also, Okoro v. Callaghan,* 324 F.3d 488, 491 (7th Cir.2003).

[¶ 18] A Seventh Circuit case, *Stevens v. United States,* 530 F.3d 502 (7th Cir.2008), applies the general rule to facts remarkably similar to the case at bar. In the course of investigating an armed robbery, law enforcement searched Mr. Stevens' residence and seized many items. He was convicted of federal drug and firearms offenses. After the appellate court affirmed his conviction, he filed a motion demanding return of the seized property. *Id.* at 503. The district court denied Mr. Stevens' motion based upon the government's representation that it no longer possessed any of the seized items. The government did not, however, support its explanation of the status of the property with any evidence. The Seventh Circuit reversed and remanded, stating that Rule 41 permits recovery only of property in possession of the federal government; therefore, if the government no longer possessed the property at issue, no relief was available. However, like in the case at bar, the court

2. F.R.Cr.P 41(g) states:
 A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

remanded for an evidentiary hearing. It stated that the determination of whether the government possessed the property was a question of fact and actual evidence, rather than the government's unsupported argument, was needed to determine the factual question. *Id.* at 503–04. *See also, United States v. Chambers,* 192 F.3d 374 (3rd Cir. 1999) and *Rufu v. United States,* 20 F.3d 63 (2nd Cir.1994) (ruling district court must hold evidentiary hearing to determine whether government retained possession of property).

[¶ 19]  On remand, the district court again denied Mr. Stevens' motion for return of property on the basis that the evidence established the government no longer possessed the property. *Stevens,* 530 F.3d at 504. The Seventh Circuit affirmed the district court's ruling, stating:

> On remand from *Stevens II,* the district court concluded, based on the Government's undisputed evidence, that the Government no longer possessed Mr. Stevens' property. Because the district court found that the Government was not in possession of any of Mr. Stevens' property, the court did not abuse its discretion in denying Mr. Stevens' Rule 41(g) motion. Consequently, we affirm the judgment of the district court.

*Id.* at 506. *See also, United States v. Copeman,* 458 F.3d 1070 (10th Cir.2006) (recognizing that Rule 41(g) generally did not give a federal court authority to order return of the defendant's property when it was in possession of state authorities).

[¶ 20]  Although the analysis is somewhat different, the Vermont Supreme Court reached a result consistent with *Stevens* in *State v. Wetherbee,* 177 Vt. 274, 866 A.2d 527 (2004). Vermont's Rule 41(e) varies some from the Wyoming rule but it provides a similar procedure for a defendant to request return of property seized by law enforcement. *Id.* at 530. Responding to the defendant's argument that the court had power over property that the state had transferred to the federal government, the Vermont Supreme Court stated that a "motion for the return of property pursuant to Rule 41(e) is essentially a replevin action that lies exclu-

sively against the State ... [and][i]t is well settled that a party demanding possession cannot maintain a replevin action against a defendant who, at the time the action is instituted, is not in possession of or cannot exercise control over the property sought." *Id.* at 534 (citations omitted). Describing the procedure as a "race to the res," the court ruled that the court's jurisdiction under Rule 41 is limited to property in possession of the state. Thus,

> [a] person seeking return of property under the rule must file a motion before the State transfers possession to the federal government. Once the transfer takes place, the race is lost. The person seeking return of property must then do so in the federal forum because the res is no longer in the possession of a party before the court and consequently is not present in the jurisdiction.

*Id.* at 535.

■ [¶ 21]  Applying the rationale from *Stevens* and *Wetherbee* to the circumstances presented here, we conclude that the district court properly denied Mr. DeLoge's motion. The undisputed evidence established that Mr. DeLoge filed his motion for return of property after the State had already transferred his property to another sovereign, the State of Mississippi, and the property was still in possession of Mississippi authorities. The district court did not, therefore, have jurisdiction under Rule 41(e) to order that it be returned to him.

[¶ 22]  After the district court ruled that it did not have authority to grant Mr. DeLoge's motion for return of his property, Mr. DeLoge asked for compensation for his loss. There is a split among federal courts with regard to whether Rule 41 gives the court authority to grant monetary damages for the government's loss or destruction of a defendant's property. In *Clymore,* 415 F.3d at 1120, the Tenth Circuit reviewed case law from across the country and concluded:

> We agree with the majority of the circuits and conclude sovereign immunity bars monetary relief in a Rule 41(e) proceeding when the government no longer possesses the property. Neither *Mora [v. United States,* 955 F.2d 156, 159 (2d Cir.

1992)] nor *[United States v.] Martinson* [809 F.2d 1364, 1366 (9th Cir.1987)] addressed sovereign immunity. Rather, their holdings rested in large part on equitable considerations. However, "fairness or policy reasons cannot by themselves waive sovereign immunity." *United States v. $30,006.25 in U.S. Currency,* 236 F.3d 610, 614 (10th Cir.2000) (holding sovereign immunity prohibited an award of prejudgment interest to the claimant upon the return of his property).

Based on the above, to the extent the government is no longer in possession of the property and Clymore seeks monetary relief, sovereign immunity bars his claim. *See also, Okoro,* 324 F.3d at 491.

[¶ 23] As the Tenth Circuit stated, there are cases allowing monetary damages under F.R.Cr.P. 41, however, they do not discuss the impact of sovereign immunity and our review reveals another distinction. In many of those cases, law enforcement destroyed the property *after* the defendant had filed his motion for return of his property. For example, in *United States v. Martinson,* 809 F.2d 1364 (9th Cir.1987), Mr. Martinson's antique rifles were seized after he was improperly jailed on an invalid warrant. He filed a motion for return of his property pursuant to F.R.Cr.P. 41(e).[3] After his motion was filed, the government destroyed the guns. The government argued that Mr. Martinson's motion was moot because it no longer had possession of the guns. *Id.* at 1366–68.

[¶ 24] The Ninth Circuit ruled that the motion was not moot and the court had equitable power to award damages to compensate the defendant for his lost property. The opinion stated: "If we were to allow the government to moot a motion for return of property by giving the property away or destroying it, we would be encouraging ... unilateral nonjudicial conduct." *Id.* at 1368. Thus, it was clear that the court condemned the government's attempt to undermine the court's authority to order return of the prop-

erty when it destroyed it after the defendant had already filed his Rule 41 motion. *See also, Soviero v. United States,* 967 F.2d 791 (2d Cir.1992) (motion for return of property under F.R.Cr.P. 41(e) not rendered moot by government's destruction of property after it had been ordered to show cause why property should not be returned). Under such circumstances, the award of damages could be considered as a sanction for the government's intentional disregard of the court's authority to order the property be returned to a claimant/defendant.

■ [¶ 25] The undisputed facts in the case at bar show that, in 2000, Mr. DeLoge's property was transferred from the Cheyenne Police Department to an FBI agent who then transferred it to Mississippi authorities. Mr. DeLoge filed his Rule 41(e) motion for return of property in 2003. Pursuant to the district court's order in 2007, the State contacted Mississippi authorities to request an itemized list of all property in their possession. The Mississippi authorities did not cooperate, and the State filed its motion to close the case. There is no indication in the facts that the State acted to dispose of Mr. DeLoge's property after he filed his motion for return of property. Therefore, the equitable considerations raised in some of the federal cases do not apply.

■ [¶ 26] Moreover, we agree with the Tenth Circuit's decision in *Clymore* and conclude that the concept of sovereign immunity applies to Mr. DeLoge's request for an award of damages. Although Mr. DeLoge argues that the State of Wyoming may have waived immunity under these circumstances, there is no indication that he has filed a governmental claim pursuant to the Wyoming Governmental Claims Act, Wyo. Stat. Ann. §§ 1–39–101 through 121 (LexisNexis 2009), as required in order to recover damages from the state coffers. We see no basis in Rule 41(e) or the Governmental Claims Act for the mandatory claims procedure to be ignored. Thus, the district court correctly denied Mr. DeLoge's request for damages

---

3. At the time *Martinson* was decided, motions for return of property were governed by F.R.Cr.P. 41(e). In 2002, the rule was amended and the relevant provision was moved to Rule 41(g). Al-

though there are some minor stylistic variations in the versions, the provisions are substantively consistent. *See, United States v. Kama,* 394 F.3d 1236, 1237, n. 1 (9th Cir.2005).

because his claim is barred by the doctrine of sovereign immunity.

### B. Exculpatory Evidence

[¶ 27] Mr. DeLoge asserts that his due process rights were violated because he was denied the right to access exculpatory and impeachment evidence as a result of the State's transfer of his property to the Mississippi authorities. Because Mr. DeLoge's argument raises a constitutional question, our standard of review is *de novo*. *Smith v. State*, 2009 WY 2, ¶ 25, 199 P.3d 1052, 1059 (Wyo.2009). *See also, State v. Naple*, 2006 WY 125, ¶ 9, 143 P.3d 358, 361 (Wyo.2006).

[¶ 28] Mr. DeLoge argues that his property must be returned to him so that he can file a motion for post-conviction DNA testing on some of the items and eventually file a motion to withdraw his guilty pleas. His argument is premised upon a defendant's right to exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). " 'In order to establish a *Brady* violation, a defendant must demonstrate that the prosecution suppressed evidence, the evidence was favorable to the defendant, and the evidence was material.' " *Hensley v. State*, 2002 WY 96, ¶ 14, 48 P.3d 1099, 1103 (Wyo.2002), quoting *Davis v. State*, 2002 WY 88, ¶ 16, 47 P.3d 981, 985–86 (Wyo.2002). Mr. DeLoge's position is not persuasive because he does not explain how a *Brady* argument can be maintained in an action premised upon a motion for return of property under Rule 41(e); nor, does he provide a cogent analysis of the elements necessary to establish a *Brady* violation.

[¶ 29] Further, the United States Supreme Court expressly ruled in *District Attorney's Office for the Third Judicial District v. Osborne*, —— U.S. ——, 129 S.Ct. 2308, 2319–20, 174 L.Ed.2d 38 (2009), that certain pre-conviction rights, including those set out in *Brady*, do not extend to protect a defendant's "post conviction liberty interests."

That decision was made in the context of Mr. Osborne's post-trial suit, under 42 U.S.C. § 1983, to compel release of biological evidence for DNA testing. Likewise, Mr. DeLoge is not entitled to the *Brady* protection in his post-conviction Rule 41(e) motion.

[¶ 30] The Supreme Court stated in *Osborne* that states have flexibility to determine "what procedures are needed in the context of post-conviction relief." *Id.* at 2320. Mr. DeLoge argues that Wyo. Stat. Ann. § 7–2–105(r) (LexisNexis 2009)[4] provides a due process right to preservation of biological evidence which could be used to vindicate him. Section 7–2–105(r) was adopted in 2007 and initially stated: "biological evidence relevant to a felony criminal prosecution shall not be destroyed unless and until the person who was convicted in the case has died." In 2008, the provision was modified to require preservation of biological evidence for five years. The problem with Mr. DeLoge's argument is that the provision did not exist when the evidence was seized and he was convicted of his crime. In fact, it was not passed until approximately four years after he filed his Rule 41(e) motion for return of property. Thus, he cannot claim that the State violated a statute that did not exist when the property was transferred to Mississippi authorities.

### C. Filing Fees/In Forma Pauperis Status

[¶ 31] After Mr. DeLoge filed his notice of appeal of the district court's order closing the case and dismissing his Rule 41(e) motion, the district court granted Mr. DeLoge's motion to proceed *in forma pauperis* on appeal. In spite of the district court's *in forma pauperis* order, the Clerk of the Wyoming Supreme Court refused to docket the matter without payment of the filing fee on the grounds that the matter was civil in nature and there were no provisions allowing Mr. DeLoge to proceed without payment of the fee. The fee was subsequently paid.

---

4. Mr. DeLoge also maintains that the State violated Wyo. Stat. § 35–7–1049(e)(vi)(A) (LexisNexis 2009) by failing to photograph or videotape the items transferred to Mississippi in order to preserve their evidentiary value. That provision has no application here as it pertains to proceedings for forfeiture of property and particularly concerns the destruction of bulk quantities of controlled substances. There is no indication the State sought forfeiture of Mr. DeLoge's property or destroyed bulk quantities of controlled substances belonging to him.

[¶ 32]   On appeal, Mr. DeLoge claims that he had the right to proceed *in forma pauperis* and should have been allowed to file without payment of the docket fee.   He maintains that this action is "quasi-criminal" and there is no provision in Wyoming statutes or rules which would prevent the Court from allowing him to proceed *in forma pauperis*.   He points to the fact that his earlier appeals in this case proceeded without payment of docketing fees.

[¶ 33]   We refuse to consider the merits of this issue.   Mr. DeLoge did not file a formal motion, pursuant to W.R.A.P. 16, with this Court seeking the right to file without payment of the docket fee.   Instead, after the clerk informed him that he needed to pay the docket fee, he sent a letter to the Chief Justice asking for the fee to be waived, but before the Court acted on his request, the fee was paid.   His appeal is now before this Court and we have addressed his claims.   Consequently, Mr. DeLoge waived his challenge to the clerk's action requiring payment of the fee.

[¶ 34]   Affirmed.