2012 WY 128

**Steven A. DELOGE, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. S–12–0044.

Supreme Court of Wyoming.

Sept. 27, 2012.

Representing Appellant: Pro se.

Representing Appellee: Gregory A. Phillips, Attorney General; David L. Delicath, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Jeffrey S. Pope, Assistant Attorney General.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

BURKE, Justice.

[¶ 1] Appellant, Steven A. DeLoge, pled guilty to six counts of second-degree sexual assault in 2000 and was sentenced to six consecutive life terms. In this appeal, Appellant, acting *pro se*, challenges the district court's denial of his motion to correct an illegal sentence under W.R.Cr.P. 35(a). We affirm.

### ISSUES

Appellant presents the following issues:

1. Whether the district court correctly concluded that the claims of illegal sentence were barred by the doctrine of *res judicata*?

2. Whether the district court correctly denied correction of factual inaccuracies in the pre-sentence investigation report?

3. Whether the applied sentencing enhancement provision of W.S. 6–2–306(b)(i) creates an illegal sentence by violating the Wyoming and United States Constitutions?

### FACTS

[¶ 3] Appellant was originally charged with eleven counts of second-degree sexual assault. He pled guilty to six of those counts and was sentenced to six consecutive life terms. Appellant took a direct appeal from his convictions, arguing, among other things, that the sexual assault sentencing statute, Wyo. Stat. Ann. § 6–2–306, violated the double jeopardy clauses of the Wyoming and United States Constitutions because it imposed multiple punishments for the same crime. This Court affirmed his convictions in *DeLoge v. State*, 2002 WY 155, 55 P.3d 1233 (Wyo.2002) (*DeLoge I* ).

[¶ 4] In 2002, while his appeal was pending, Appellant filed a motion to withdraw his guilty pleas. He also filed a post-conviction motion seeking the return of seized property. We affirmed the district court's denial of Appellant's motion to withdraw his guilty pleas, finding no "manifest injustice," but remanded to the district court for a ruling on the merits of Appellant's motion for return of the seized property. *DeLoge v. State*, 2005 WY 152, 123 P.3d 573 (Wyo.2005) (*DeLoge II*).

[¶ 5] In December, 2003, prior to our decision in *DeLoge II*, Appellant also filed a petition for post-conviction relief in district court. The court dismissed the petition. Subsequently, Appellant filed a petition for writ of review in this Court. We denied that petition. Appellant then filed a second petition for writ of review in this Court challenging the district court's dismissal of his petition for post-conviction relief. That petition was also denied. *Id.*, ¶ 5, 123 P.3d at 574–75.

[¶ 6] In 2006, following remand, the district court denied Appellant's motion for return of the seized property. Appellant appealed that decision. We affirmed in part and reversed in part, finding that Appellant had no right to counsel in the proceeding, but that the district court could not deny Appellant's motion without evidence from the State to support the need for continued retention of the property. *DeLoge v. State*, 2007 WY 71, 156 P.3d 1004 (Wyo.2007) (*DeLoge III* ).

[¶ 7] Finally, in Appellant's fourth appeal, we affirmed the district court's dismissal of Appellant's motion because "the State did not have possession of [the property], sovereign immunity prevented the court from awarding him damages for the loss of his property, and he did not present a recognizable right to post-conviction preservation of exculpatory evidence." *DeLoge v. State*, 2010 WY 60, ¶ 2, 231 P.3d 862, 863 (Wyo.2010) (*DeLoge IV* ).

[¶ 8]   In May, 2011, Appellant filed a motion to correct an illegal sentence under W.R.Cr.P. 35(a). Appellant asserted that his sentence was illegal because it was based on factual inaccuracies in his presentence investigation (PSI) report, and because the sentence was imposed in violation of his constitutional rights to due process, fundamental fairness, compulsory process, and protection against double jeopardy. The district court denied the motion after concluding that Appellant's constitutional claims were barred by the doctrine of *res judicata*, and that the sentencing judge had not relied on the alleged inaccuracies in the PSI report in determining Appellant's sentence. Appellant timely appealed the district court's order.

### STANDARD OF REVIEW

[¶ 9]   We apply the following standard of review to claims that a criminal sentence is illegal:

> Sentencing decisions are normally within the discretion of the trial court. *Bitz v. State*, 2003 WY 140, ¶ 7, 78 P.3d 257, 259 (Wyo.2003). "Such discretion is limited, however, inasmuch as a court may not enter an illegal sentence. A sentence is illegal if it violates the constitution or other law." *In re CT*, 2006 WY 101, ¶ 8, 140 P.3d 643, 646 (Wyo.2006) (internal case citation omitted). Whether a sentence is illegal is a question of law, which we review *de novo*. *Manes v. State*, 2007 WY 6, ¶ 7, 150 P.3d 179, 181 (Wyo.2007).

*Endris v. State*, 2010 WY 73, ¶ 13, 233 P.3d 578, 581 (Wyo.2010) (quoting *Jackson v. State*, 2009 WY 82, ¶ 6, 209 P.3d 897, 898–99 (Wyo.2009)). Whether a claim is barred by

*res judicata* is also a question of law, reviewed *de novo*. *Winstead v. State*, 2011 WY 137, ¶ 8, 261 P.3d 743, 745 (Wyo.2011).

### DISCUSSION

[¶ 10]   The doctrine of *res judicata* bars litigation of issues that were or could have been determined in a prior proceeding. *Dax v. State*, 2012 WY 40, ¶ 9, 272 P.3d 319, 321 (Wyo.2012). Four factors are examined to determine whether *res judicata* applies: (1) identity in parties; (2) identity in subject matter; (3) the issues are the same and relate to the subject matter; and (4) the capacities of the persons are identical in reference to both the subject matter and the issues between them. *Id.* Courts can correct illegal sentences under W.R.Cr.P. 35(a) at any time, but the bases for correcting the sentence remain subject to *res judicata*. *Dax*, ¶¶ 9–10, 272 P.3d at 321. If a party fails to show good cause why an issue was not raised at an earlier opportunity, the Court may decline to consider the issue. *Hamill v. State*, 948 P.2d 1356, 1358 (Wyo. 1997).

[¶ 11]   Appellant acknowledges that he "raised on direct appeal and post conviction motion the issue of the constitutionality of the enhancement provision of sentencing statute 6–2–306(b)(i)." He contends, however, that the third factor in the test for *res judicata* is not satisfied because "the subject matter of the claims [is] not identical to those previously raised." Appellant makes this assertion based solely on the fact that the statute which prescribed his sentence in 2000 was amended in 2007.[1] He claims that the

---

1.   At the time of Appellant's convictions, Wyo. Stat. Ann. § 6–2–306 (LexisNexis 1999) provided, in relevant part, as follows:

**§ 6–2–306.   Penalties for sexual assault.**
(a) An actor convicted of sexual assault who does not qualify under the criteria of subsection (b) or (d) of this section shall be punished as follows:

. . .

(ii) Sexual assault in the second degree is a felony punishable by imprisonment for not more than twenty (20) years;

. . .

(b) An actor who is convicted of sexual assault and who does not qualify under the criteria of subsection (d) of this section shall be punished

by the extended terms of subsection (c) of this section if:
(i) He is being sentenced for two (2) or more separate acts of sexual assault in the first or second degree;
(ii) He previously has been convicted of any crime containing the same or similar elements as the crimes defined in W.S. 6–2–302 [sexual assault in the first degree] or 6–2–303 [sexual assault in the second degree].
(c) An actor convicted of sexual assault who qualifies under the criteria of subsection (b) of this section shall be punished as follows:
(i) Sexual assault in the first or second degree is a felony punishable by imprisonment for not less than five (5) years or for life;

legislature's 2007 amendment "presents a completely different circumstance of statutory construction and legislative intent." Essentially, Appellant contends that the amendment to Wyo. Stat. Ann. § 6–2–306 indicates that the previous version of the statute was unconstitutional.[2] We disagree.

[¶ 12] We note initially that a double jeopardy claim is not cognizable and cannot be entertained on a motion to correct an illegal sentence because "a double jeopardy claim brought in this procedural context [is] a challenge to the convictions and not to the sentence." *Birr v. State*, 878 P.2d 515, 516 (Wyo.1994). Additionally, Appellant's claim that former Wyo. Stat. Ann. § 6–2–306 violates the double jeopardy clauses of the Wyoming and United States Constitutions is identical to the issue raised in his direct appeal. With respect to Appellant's double jeopardy claim in his direct appeal, we held as follows:

> . . .
> (d) An actor who is convicted of sexual assault shall be punished by life imprisonment without parole if the actor has two (2) or more previous convictions for any of the following designated offenses, which convictions resulted from charges separately brought and which arose out of separate occurrences in this state or elsewhere:
> (i) A crime defined in W.S. 6–2–302 through 6–2–304 or a criminal statute containing the same or similar elements as a crime defined by W.S. 6–2–302 through 6–2–304;
> . . .

In 2007, Wyo. Stat. Ann. § 6–2–306 was amended to provide as follows:

> **§ 6–2–306. Penalties for sexual assault.**
> (a) An actor convicted of sexual assault under W.S. 6–2–302 through 6–2–304 [sexual assault in the first, second, and third degrees, respectively] who does not qualify under the criteria of subsection (b) or (d) of this section shall be punished as follows:
>
> . . .
> (ii) Sexual assault in the second degree under W.S. 6–2–303 is a felony punishable by imprisonment for not less than two (2) years nor more than twenty (20) years;
>
> . . .
> (b) An actor who is convicted of sexual assault under W.S. 6–2–302 through 6–2–304, who has previously been convicted of any crime containing the same or similar elements as the crimes defined in W.S. 6–2–302 through 6–2–304 and who does not qualify under the criteria of subsection (d) of this section shall be punished as follows:

DeLoge also maintains that the statute operates in a manner which violates double jeopardy because for at least one count he is punished twice, *i.e.*, one count is used both as the underlying offense and as an offense giving rise to the enhancement provision. Again, we view this as mixing the concept of "previous" offenses used in the habitual criminal statute, with the language used in § 6–2–306(b)(i), "being sentenced for two (2) or more separate acts of sexual assault in the second degree." Our precedents are clear that multiple sexual assaults are separate offenses even though they might be separated by only very short time periods. *Frenzel v. State*, 938 P.2d 867, 868–69 (Wyo.1997); *Hamill v. State*, 602 P.2d 1212, 1216–17 (Wyo.1979). *DeLoge I*, ¶ 12, 55 P.3d at 1238. The fact that Wyo. Stat. Ann. § 6–2–306 was amended in 2007, and now provides that an enhanced sentence may only be imposed when the defendant has a previous conviction for a

> (i) and (ii) Repealed by Laws 2007, ch. 159, § 3.
> (iii) Sexual assault in the first or second degree under W.S. 6–2–302 or 6–2–303 is a felony punishable by imprisonment for not less than twenty-five (25) years or for life; or
> (iv) Sexual assault in the third degree under W.S. 6–2–304 is a felony punishable by imprisonment for not more than twenty (20) years.
> . . .
> (d) An actor who is convicted of sexual assault under W.S. 6–2–302 through 6–2–304, or sexual abuse of a minor under W.S. 6–2–316 through 6–2–317, shall be punished by life imprisonment without parole if the actor has two (2) or more previous convictions for any of the following designated offenses, which convictions resulted from charges separately brought and which arose out of separate occurrences in this state or elsewhere:
> (i) A crime defined in W.S. 6–2–302 through 6–2–304 or a criminal statute from another jurisdiction containing the same or similar elements as a crime defined by W.S. 6–2–302 through 6–2–304.
> . . .

2. Appellant also contends that the current version of Wyo. Stat. Ann. § 6–2–306 should be retroactively applied because "[t]he conviction was not final for purposes of application of the repealed statute to his case." However, because Appellant has presented no cogent argument or pertinent legal authority to support this claim, we decline to consider it.

similar offense, does not change the nature of Appellant's claim. As the State correctly points out, "Any potential constitutional defect with the statute existed at the time of DeLoge's sentencing." We previously determined that the statute did not violate constitutional protections against double jeopardy, and the fact that the legislature chose to amend the statute subsequent to our decision has no impact on our previous judgment. Appellant's claim that the statute violated the double jeopardy clauses of the Wyoming and United States Constitutions was adjudicated in his direct appeal, and is barred by *res judicata*.

[¶ 13] Appellant also challenges the legality of his sentence on grounds that it violates principles of equal protection, due process, and fundamental fairness embodied in the Wyoming and United States Constitutions. Again, the legislative amendment to Wyo. Stat. Ann. § 6–2–306 has no bearing on these claims. Appellant could have raised these issues ten years ago in his direct appeal, and has failed to show "good cause" as to why he did not raise the claims previously. As a result, Appellant's remaining constitutional claims are also barred by the doctrine of *res judicata*.

[¶ 14] In Appellant's second issue, he contends that his sentence is illegal due to alleged inaccuracies in the presentence investigation report. He asserts that the sentencing court violated W.R.Cr.P. 32 by failing to correct alleged inaccuracies in the PSI report and by failing to append written findings with respect to those inaccuracies to the report.[3] Appellant objected to various statements contained in the PSI report at the sentencing hearing, and he catalogued his objections to the report in an exhibit attached to his motion to correct the sentence.

[¶ 15] Again, Appellant's claims are barred by *res judicata*. Appellant failed to raise any issue relating to the PSI report in his direct appeal, and is barred from litigating the issue in this appeal. In an effort to show good cause as to why he did not raise the issue earlier, Appellant claims that he became aware that the inaccuracies remained in his PSI report at the time of his most recent parole hearing. The report, however, has remained unchanged for the past ten years, and Appellant's objections at the sentencing hearing indicate that he was aware of the alleged errors at that time. Consequently, Appellant has failed to show good cause as to why he did not make this argument previously.

[¶ 16] Affirmed.

---

3. W.R.Cr.P. 32 provides, in relevant part, as follows:

   *(a) Presentence Investigation.—*
   . . .
     (3) Disclosure.
     . . .
     (C) If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make:
     (i) A finding as to the allegation; or
     (ii) A determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to penal institutions.