FILED
United States Court of Appeals
Tenth Circuit

March 13, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

STEVEN A. DELOGE,

     Petitioner - Appellant,

v.

WARDEN, WYOMING MEDIUM
CORRECTIONAL INSTITUTION;
WYOMING ATTORNEY GENERAL,

     Respondents - Appellees.

No. 18-8091
(D.C. No. 2:04-CV-00317-ABJ)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **MATHESON**, and **McHUGH**, Circuit Judges.
_____

Steven A. DeLoge, a Wyoming state prisoner, filed a motion in the district court,

purportedly under Federal Rule of Civil Procedure 60(b). The district court treated the

motion as an unauthorized second or successive motion to vacate his sentence under

28 U.S.C. § 2254 and dismissed it for lack of jurisdiction. Appearing pro se,[1] DeLoge

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because DeLoge appears pro se, we afford his filings a liberal construction, *see Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010), but we do not craft arguments or otherwise advocate for him, *see Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

seeks a certificate of appealability ("COA") to challenge the district court's ruling. We

deny a COA and dismiss this matter.

## Background

DeLoge pleaded guilty to six counts of sexual assault against his step-daughter and

was sentenced to six consecutive life terms. On appeal, he argued that the state sexual

assault sentencing statute was unconstitutional because it imposed multiple punishments

for the same crime. The Wyoming Supreme Court ("WSC") rejected that argument and

affirmed his sentence. *DeLoge v. State*, 55 P.3d 1233, 1238-39 (Wyo. 2002) (*DeLoge I*).

While that appeal was pending, DeLoge filed a motion to withdraw his guilty

pleas and a post-conviction motion seeking the return of seized property. The WSC

affirmed the trial court's denial of the motion to withdraw the guilty pleas, but remanded

for a ruling on the merits of the motion for return of seized property. *DeLoge v. State*,

123 P.3d 573, 578-79 (Wyo. 2005) (*DeLoge II*). After another appeal and remand,

*see DeLoge v. State*, 156 P.3d 1004, 1012 (Wyo. 2007) (*DeLoge III*), the WSC affirmed

the trial court's dismissal of DeLoge's motion. *DeLoge v. State*, 231 P.3d 862, 863

(Wyo. 2010) (*DeLoge IV* ).[2]

---

[2] The State of Wyoming had agreed to return some of the property it had seized to
DeLoge's trial counsel and transferred the rest to the State of Mississippi for its
investigation of other crimes. The WSC denied the motion because "the State did not
have possession of [the property], sovereign immunity prevented the court from awarding
him damages for the loss of his property, and he did not present a recognizable right to
post-conviction preservation of exculpatory evidence." *DeLoge IV*, 231 P.3d at 863-64.

DeLoge then filed a motion to correct an illegal sentence, claiming that his sentence was illegal because it was based on factual inaccuracies in his presentence investigation report ("PSR") and that it violated his constitutional rights to due process, fundamental fairness, compulsory process, and protection against double jeopardy. The trial court denied the motion, concluding that his constitutional claims were barred by the doctrine of res judicata and that the sentencing judge had not relied on the alleged inaccuracies in the PSR in imposing DeLoge's sentence. The WSC affirmed that order. *DeLoge v. State*, 289 P.3d 776, 780 (Wyo. 2012) (*DeLoge V*).[3]

DeLoge's attempts to obtain relief in federal court have also been unavailing. He filed his first § 2254 motion in 2005, raising the same claims he had raised in the state court proceedings. After the district court denied the petition on the merits, this court denied a COA and dismissed the appeal. *DeLoge v. Abbott*, 340 F. App'x 521, 522 (10th Cir. 2009). We also denied DeLoge's 2014 motion seeking authorization to file a second or successive § 2254 petition, finding that his proposed claims were not based on new evidence establishing his actual innocence and therefore did not meet the standards for authorization in 28 U.S.C. § 2244(b)(2).

DeLoge then filed what he captioned as a Rule 60(b) motion and related pleadings in the first § 2254 proceeding, seeking relief from the order denying the petition on the ground that (1) evidence he obtained from litigation in Wyoming and Mississippi shows

---

[3] The WSC also denied without comment DeLoge's petition for review of the district court's denial of another motion for post-conviction relief.

the district court erred in denying him discovery or an evidentiary hearing before ruling on the merits of his § 2254 motion; (2) his prosecutorial misconduct and ineffective assistance of counsel claims with respect to the seizure of his property would have been substantiated if the court had held an evidentiary hearing; (3) the state's subsequent repeal of the sentencing statute in effect when he was sentenced demonstrates that the statute was unconstitutional; and (4) the district court should have allowed further discovery and held a hearing on his claim that the placement of his victim and her brother into the custody of the state's lead investigator violated his constitutional right to confront the witnesses against him. The district court construed the motion as a § 2254 habeas petition, concluded it was an unauthorized second or successive habeas petition, and dismissed it for lack of jurisdiction. In a separate order, the district court also denied DeLoge's request for a COA.

## Discussion

To appeal the dismissal of his motion, DeLoge must obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(A); *United States v. Harper*, 545 F.3d 1230, 1231, 1233 (10th Cir. 2008). To obtain a COA where, as here, a district court has dismissed a filing on procedural grounds, the movant must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We need not address the constitutional question if we conclude that reasonable jurists would not debate the district court's resolution of the procedural one. *Id*. at 485.

4

A Rule 60(b) motion amounts to a second or successive petition for habeas relief if it either "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim *on the merits*," and that a "claim" is "an asserted federal basis for relief from a state court's judgment of conviction." *Gonzalez v. Crosby*, 545 U.S. 524, 530, 532 (2005) (internal quotation marks omitted). Thus, Rule 60(b) cannot be used to "circumvent[] AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." *Id*. at 531.

"[A] 'true' 60(b) motion . . . either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding . . . ." *Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006) (citation omitted). Regardless of how a movant characterizes a motion, it is treated as a habeas petition if it "asserts or reasserts a federal basis for relief" from the underlying conviction. *In re Lindsey*, 582 F.3d 1173, 1175 (10th Cir. 2009) (per curiam) (internal quotation marks omitted). A Rule 60(b) motion that challenges a district court's decision not to hold an evidentiary hearing is a successive habeas petition because it challenges the habeas court's previous ruling on the merits of that claim. *Id*. (explaining that if a district court decides not to hold an evidentiary hearing because the prisoner is entitled to no relief, then the court "necessarily made a merits determination").

Here, DeLoge maintains that he is not attacking the merits of the habeas court's ruling but is instead asserting a flawed procedural ruling or defect in the integrity of the proceeding that amounts to extraordinary circumstances under rule 60(b)(6).

5

Specifically, he claimed in his motion that the habeas court's "failure to allow fact-development proceedings prior to ruling on the merits of [his] petition deprived [him] of the opportunity to adequately support his claims." R. Vol. 1 at 840.

But we agree with the district court's conclusion that his motion is an attempt to relitigate the merits of the claims he raised in his original habeas petition and is therefore a second or successive petition. The fact that he couched his claims in procedural terms by challenging the habeas court's decision not to allow additional discovery or hold an evidentiary hearing, does not change the fact that at base, his current claims, like his original claims, challenge the legality and constitutionality of his sentence and sought the return of the seized property. *See In re Lindsey*, 582 F.3d at 1175.

Because the substance of DeLoge's motion did not challenge a procedural ruling that prevented the first habeas court from considering the merits of his claims and instead sought "vindication of a habeas claim by challenging the habeas court's previous ruling on the merits of" his claim, *see Spitznas*, 464 F.3d at 1215-16 (brackets and internal quotation marks omitted), we conclude that reasonable jurists could not debate that the district court was correct in treating his Rule 60(b) motion as an unauthorized second or successive § 2254 petition. Accordingly, we deny a COA and dismiss this matter.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

6