**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 1, 2022[*]
Decided April 4, 2022

***Before***

DIANE S. SYKES, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 21-1746

| | |
|---|---|
| ANDREW JAMES JOHNSTON, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 20 C 3729 |
| UNITED STATES OF AMERICA, *Defendant-Appellee*. | Rebecca R. Pallmeyer, *Chief Judge*. |

**O R D E R**

Andrew Johnston, a federal prisoner, appeals the denial of his petition under Rule 41(g) of the Federal Rules of Criminal Procedure for the return of property seized by the police. We affirm.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Johnston was driving a 1995 Buick LeSabre when he was apprehended in connection with a bank robbery. The police seized the car, which was registered to Johnston's then-girlfriend, Samantha Bellinder. Johnston was later convicted of attempted bank robbery in violation of 18 U.S.C. § 2113(a), a conviction that we upheld. *See United States v. Johnston*, 814 F. App'x 142, 144 (7th Cir. 2020).

Johnston petitioned under Rule 41(g) for the return of the Buick and property inside it, as well as his cellphone. Rule 41(g) provides that a "person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." The government agreed to return Johnston's cellphone, but opposed the rest of the petition, arguing that it did not possess the Buick or the other items inside the car. According to the government, the police searched the car; had it taken to a private tow yard; and then notified Bellinder, the registered owner, with instructions for how to retrieve it. When she failed to do so, the towing company sold the car. Johnston acknowledged that the car was registered in Bellinder's name, but maintained that he could corroborate his ownership of the car if allowed to present testimony from Bellinder and the prior owner.

The district judge granted Johnston's petition with respect to the return of his cellphone but denied the petition with respect to the car and his belongings that he says were inside it. The judge found that Bellinder "had title to the car"—evidence that defeated Johnston's claim over the car or any belongings inside it. The judge explained that any dispute about those belongings was between Johnston and Bellinder, and any dispute about the police's decision to have the vehicle towed was between Bellinder and the police.

On appeal Johnston challenges the denial of his Rule 41(g) petition and argues that the judge should have considered whether he had received fair notice when the car was towed and sold. But "Rule 41(g) permits only the recovery of property in the possession of the [g]overnment." *United States v. Stevens*, 500 F.3d 625, 628 (7th Cir. 2007). The evidence here (which included a certificate of purchase from the State of Illinois confirming that the Buick was purchased as an unclaimed vehicle by O'Hare Kars Inc. after Johnston's arrest) established that the government does not possess the Buick. Given the evidence before her, the judge acted well within her discretion to deny the petition. To the extent Johnston seeks to press claims for monetary relief, he would need to commence a civil suit to do so. *See United States v. Norwood*, 602 F.3d 830, 837 (7th Cir. 2010).

Johnston next argues that the judge should have conducted an evidentiary hearing to determine ownership of the Buick. But Rule 41(g) requires only that courts "receive evidence on any factual issue necessary to decide the motion." No such factual issue is present here: The government presented substantial evidence demonstrating that it did not possess the property at issue. *See Stevens v. United States*, 530 F.3d 502, 505 (7th Cir. 2008) (submission of agent's affidavit, docket sheets from forfeiture proceedings, and federal judgment was sufficient to show that the government did not possess the property). Johnston disputes the authenticity of the notice Bellinder received from the government, but that matter is irrelevant as to whether the government possesses the car.

In an "addendum" to his brief, Johnston asserts that the judge abused her discretion by denying his request to reassign the case for judicial bias. He maintained that the judge's appointment by a Democratic president was at odds with his public support on social media for President Trump, a Republican. This is not a sufficient basis for recusal. *See Liteky v. United States*, 510 U.S. 540, 555–56 (1994).

This court previously sanctioned Johnston for filing a frivolous appeal. *Johnston v. Ward*, No. 21-1221, 2021 WL 4894487 (7th Cir. Oct. 20, 2021). He is currently a restricted filer, and again we warn Johnston that further frivolous filings may result in additional sanctions.

AFFIRMED