2005 WY 152

Steven A. DeLOGE, Appellant
(Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

Steven A. DeLoge, Appellant (Defendant),

v.

The State of Wyoming, Appellee
(Plaintiff).

Nos. 04–85, 04–129.

Supreme Court of Wyoming.

Nov. 29, 2005.

Representing Appellant: Pro se.

Representing Appellee: Patrick J. Crank, Wyoming Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General, Georgia L. Tibbetts, Senior Assistant Attorney General; and Lucas E. Buckley, Student Intern.

Before HILL, C.J., and GOLDEN, KITE, and VOIGT, JJ., and SKAVDAHL, D.J (Case No. 04–85).

Before HILL, C.J., and GOLDEN, KITE, VOIGT, and BURKE, JJ. (Case No. 04–129).

HILL, Chief Justice.

[¶ 1]   In these appeals, the Appellant, Steven A. DeLoge (DeLoge), seeks review of the district court's order denying his Motion for Preservation and Return of Property, as well as his motion to withdraw his guilty pleas. We will dismiss the appeal in Case No. 04–85 and remand for further proceedings consistent with this opinion. We affirm in Case No. 04–129.

## ISSUES

[¶ 2]   In Case No. 04–85, DeLoge raises these issues:

I. Whether the district court erred when it declined to rule upon [DeLoge's] motion for the preservation and return of seized property?

II. Whether [DeLoge's] state and federal constitutional rights to property and due process were violated when the district court denied the motion for return of seized property?

III. Was [DeLoge's] appointed trial counsel ineffective for failing to timely motion the district court to preserve and return the seized property?

IV. Was [DeLoge's] appointed counsel on direct appeal of the criminal conviction ineffective for failing to timely motion the district court to preserve and return the seized property or to raise the issue of trial counsel's failure to the supreme court?

V. Are [DeLoge's] due process rights to relevant exculpatory evidence being violated by the State's failure to preserve evidence that is in the possession of the police?

The State abbreviates the issues to these:

I. The district court did not abuse its discretion in relation to [DeLoge's] motion for preservation and return of property.

II. Neither [DeLoge's] trial nor appellate counsel was constitutionally ineffective in failing to file a motion for return of seized property.

[¶ 3] In Case No. 04–129, DeLoge raises these issues:

I. Whether [DeLoge's] motion to withdraw guilty pleas was improperly dismissed by the district court violating his constitutional rights to due process under the Sixth Amendment to the U.S. Constitution.

II. Whether the *Nixon* decision of the Wyoming Supreme Court violates due process by changing the plain meaning of W.R.Cr.P. 32(d).

III. Whether the district court denied [DeLoge's] constitutional right to due process by denying him a previously granted evidentiary hearing.

IV. Whether district court violated and denied [DeLoge's] Sixth Amendment right to counsel at a critical stage of the criminal proceedings.

V. Whether [DeLoge's] Sixth Amendment right to effective assistance of counsel was violated by counsel's performance in defense of [DeLoge].

VI. Whether the district attorney committed prosecutorial misconduct by misrepresenting the facts to the trial court when responding to [DeLoge's] motion for in camera review and [DeLoge's] motion to withdraw guilty pleas.

VII. Whether the district court has violated [DeLoge's] constitutional right to a full and fair proceeding through bias, prejudice and abuse of discretion.

The State abbreviates these issues as follows:

I. Did the district court properly deny [DeLoge's] motion to withdraw his guilty pleas without affording him an evidentiary hearing?

II. Was [DeLoge] denied his constitutional right to counsel by the district court?

III. Is [DeLoge] entitled to relief from his convictions due to alleged ineffective assistance of counsel?

IV. Is [DeLoge] entitled to relief because of alleged prosecutorial misconduct?

V. Is [DeLoge] entitled to relief from the order denying his motion to withdraw guilty pleas because of alleged judicial bias?

## FACTS AND PROCEEDINGS

[¶ 4] DeLoge was originally charged with eleven counts of second degree sexual assault. The sexual assaults occurred between August 22, 1999, and October 31, 1999. DeLoge entered pleas of guilty to six counts of second degree sexual assault, and six life sentences were imposed upon him by the judgment and sentence entered on December 1, 2000. On March 20, 2002, DeLoge filed a motion to withdraw his guilty pleas. On October 16, 2002, the judgment and sentence of the district court was affirmed by this Court. *DeLoge v. State,* 2002 WY 155, 55 P.3d 1233 (Wyo.2002).

[¶ 5] On December 9, 2003, DeLoge filed a Petition for Post Conviction Relief in the district court. On April 22, 2004, DeLoge

filed a Petition for Writ of Review in this Court contending: (1) That the district court had abused its discretion in denying him appointed counsel in those then on-going proceedings; (2) that the district court had acted prejudicially against him in the post conviction proceedings; and (3) that the district court refused to act on his properly filed motions. By order entered on May 10, 2004, this Court denied that Petition for Writ of Review. By order entered on August 24, 2004, the district court dismissed DeLoge's Petition for Post Conviction Relief. On September 7, 2004, DeLoge filed another Petition for Writ of Review in this Court challenging the district court's dismissal of his Petition for Post Conviction Relief. By order entered on October 12, 2004, this Court denied that Petition for Writ of Review.

[¶ 6] On October 6, 2003, DeLoge filed a Motion for Preservation and Return of Seized Property. The district court did not rule on that motion, and it is DeLoge's contention that it was deemed denied after 90 days under W.R.C.P. 6(c)(2), i.e., on January 4, 2004. DeLoge filed his notice of appeal with respect to the denial of that motion on February 3, 2004. This is the appeal in Case No. 04–85. By order entered on May 18, 2004, the district court denied DeLoge's motion to withdraw his guilty pleas. DeLoge filed a notice of appeal challenging that decision on May 25, 2004. This is the appeal denominated in Case No. 04–129.

**Case No. 04–85**

[¶ 7] This appeal arises out of the seizure of certain items of property that belonged to DeLoge. The property at issue was obtained by the State, pursuant to search warrants issued by the district court, shortly after his arrest on November 3, 1999. The search warrants are not in the record designated for these appeals, nor are the returns of those warrants. What appears to be at least a partial listing of the property in question can be found in the record. Appended to DeLoge's motion for return of his property was an itemized list of dozens of items that he contends have no evidentiary value to police agencies in Wyoming, or police agencies in other states.

[¶ 8] W.R.Cr.P. 41(e) provides:

(e) *Motion for Return of Property.*—A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the court in which charges are pending or if charges have not been filed the court from which the warrant issued for the return of the property on the ground that such person is entitled to lawful possession of the property. **The court shall receive evidence on any issue of fact necessary to the decision of the motion.** If the motion is granted, the property shall be returned to the movant, although reasonable conditions may be imposed to protect access and use of the property in subsequent proceedings. If a motion for return of property is made or comes on for hearing after criminal charges have been filed, it shall be treated also as a motion to suppress under Rule 12. [Emphasis added.]

The rules of criminal procedure also provide a suggested form for use by a defendant in seeking return of seized property:

**FORM 11. Motion for return of seized property and suppression of evidence.**

IN THE DISTRICT COURT

THE STATE OF WYOMING )

) ss:

COUNTY OF _____ ) _____ JUDICIAL DISTRICT

THE STATE OF WYOMING, )

Plaintiff, ) MOTION FOR RETURN
) OF SEIZED PROPERTY AND
vs. ) SUPPRESSION OF EVIDENCE

JOHN DOE, )
Defendant. )

Criminal Action No. _____

John Doe hereby moves this court to direct that certain property of which he is the owner, a schedule of which is annexed hereto, and which on the _____ day of _____, (year), at the premises known as _____ Street, in the City of _____, in the County of _____, State of Wyoming, was unlawfully seized and taken from him by a Deputy Sheriff of the County of _____, State of Wyoming, (Give name of deputy, if known, and if unknown, so state) be returned to him and that it be suppressed as evidence against him in any criminal proceeding.

The petitioner further states that the property was seized against his will and without a search warrant.

Defendant further moves that any and all testimony in regard to said property, and testimony or evidence based upon said unlawful search and seizure be likewise suppressed as evidence against him.

Dated this _____ day of _____, (year).

_____

Attorney for Petitioner

DeLoge's motion was substantially in that form, although it clearly was not a motion to suppress, but rather a motion for the return of property that was his own personal property and arguably of no evidentiary value to any police agency.

[¶ 9]   5   Wyo. Stat. Ann. § 7–2–105 (LexisNexis 2005) provides:

§ 7–2–105.  **Disposition and appraisal of property seized or held; notice and order to show cause; judgment.**

(a) When personal property not subject to be summarily destroyed is seized or held by any peace officer pursuant to any law of this state, or when property seized by any peace officer is delivered to the appropriate law enforcement agency under provisions other than W.S. 35–7–1049, or property is taken into custody as lost, mislaid or abandoned, the head of the law enforcement agency shall forthwith ascertain as closely as practicable:

(i) The approximate value of the property;

(ii) The facts giving rise to the seizure or custody;

(iii) The name and position of the person making the seizure or taking the property into custody;

(iv) The name and address of the owners of the property or those persons who were in possession of the property at the time of the seizure;

(v) The names and addresses of all persons known to have an interest in the property seized.

(b) Any property seized by a peace officer shall be delivered immediately to the appropriate law enforcement agency. **The head of the law enforcement agency shall maintain custody of the property pending an order of disposal by the court pursuant to this section unless the property is otherwise released according to this section.**

(c) If the property is lost, mislaid, abandoned or unclaimed or if possession of the property is unlawful, the law enforcement agency shall seek in circuit court or district court an order to show cause why the property should not be sold or forfeited and sold at public auction or transferred to the use of the law enforcement agency. If the lawful owner of the property can reasonably be ascertained, the property shall be delivered to him without judicial action unless the property constitutes evidence of a crime, the possession of the property would be unlawful or ownership and interest are in dispute.

(d) Notice and proceedings on the order to show cause shall be according to the Wyoming Rules of Civil Procedure, provided notice by publication shall be once each week for two (2) consecutive weeks. The trial of the issues shall be by the court.

(e) On final hearing the order to show cause shall be taken as prima facie evidence that the property is abandoned or

unclaimed and is sufficient for a judgment of forfeiture in the absence of other proof.

(f) In disputed ownership cases the burden shall be upon the claimants to show that they are the lawful owners or have a legally recognizable interest in the property.

(g) When the property is encumbered, the court shall, after deducting costs, direct the payment of the encumbrance from the proceeds of any sale of the property or distribute the property equitably between those persons having a legal interest.

(h) The proceedings and judgment of forfeiture shall be in rem and shall be primarily against the property itself.

(j) Upon the entry of a judgment of forfeiture the court shall determine the disposition to be made of the property, which may include the destruction or sale of the property or the allocation of the property to some other governmental function or use or otherwise, as the court may determine.

(k) Sale of the property shall be at public auction to the highest bidder for cash after two (2) weeks public notice as the court may direct.

(m) Upon the application of any claimant, the court may fix the value of a forfeitable interest in the seized property and permit the claimant to redeem the property upon the payment of a sum equal to the value, which sum shall be disposed of as would the proceeds of the sale of the property under a judgment of forfeiture.

(n) The balance of the proceeds, if any, shall be deposited in the general operating account of the state, county or municipal entity that has fiscal authority over the law enforcement agency confiscating the property.

(o) This section does not apply to property which is subject to the Uniform Unclaimed Property Act, W.S. 34–24–101 through 34–24–140.

[¶ 10]   We conclude that both the rule and the statute make it plain that DeLoge may seek to have his property restored to him, absent some justification provided by the State for its continued retention of that prop-erty.   DeLoge has availed himself of a remedy provided to him by law.   *See City of West Covina v. Perkins,* 525 U.S. 234, 119 S.Ct. 678, 142 L.Ed.2d 636 (1999) ("It follows that when law enforcement agents seize property pursuant to warrant, due process requires them to take reasonable steps to give notice that the property has been taken **so the owner can pursue available remedies for its return.**" [Emphasis added.] ).   As in the *West Covina* case, here there is no contest that the State had the right to seize the property in the first instance nor has the State at this point denied its ultimate obligation to return that property, absent some justification for its continued retention.   *Id.* at 119 S.Ct. 681.

[¶ 11]   DeLoge filed a notice of appeal before the district court had an opportunity to decide the motion on its merits.   Whether the district court intended to simply ignore the motion, or to rule on it eventually, is not revealed by the record.   It is clear that DeLoge's multiplicity of motions and petitions garbled the proceedings in this case and made the district court's task quite difficult.   DeLoge's appeal was premised on the notion that his motion had been deemed denied by operation of W.R.C.P. 6(c):

(c) *Motions and Motion Practice.—*

(1) Unless these rules or an order of the court establish time limitations other than those contained herein, all motions, except (A) motions for enlargement of time, (B) motions made during hearing or trial, (C) motions which may be heard ex parte, and (D) motions described in subdivisions (3) and (4) below, together with supporting affidavits, if any, shall be served at least 10 days before the hearing on the motion. Except as otherwise provided in Rule 59(c), or unless the court by order permits service at some other time, a party affected by the motion shall serve a response, if any, together with affidavits, if any, at least three days prior to the hearing on the motion or within 20 days after service of the motion, whichever is earlier. Unless the court by order permits service at some other time, the moving party shall serve a reply, if any, at least one day prior to the hearing on the motion or within 15 days

after service of the response, whichever is earlier. Unless the court otherwise orders, any party may serve supplemental memoranda or rebuttal affidavits at least one day prior to the hearing on the motion.

(2) A request for hearing may be served by the moving party or any party affected by the motion within 30 days after service of the motion. Absent a timely request for hearing the court may, in its discretion, determine the motion without a hearing. **A motion not determined within 90 days after filing shall be deemed denied. A party whose motion has been deemed denied shall have 10 days after the effective date of such denial to serve such pleadings or other papers, if any, as may be required or permitted.**

(3) A party moving for a protective order under Rule 26(c) or to compel discovery under Rule 37(a) may request an immediate hearing thereon. An immediate hearing may be held if the court finds that a delay in determining the motion will cause undue prejudice, expense or inconvenience.

(4) A motion relating to the exclusion of evidence may be filed at any time. Absent a request for hearing by a moving party or any party affected by the motion, the court may, in its discretion, determine the motion without a hearing. [Emphasis added.]

[¶ 12] W.R.Cr.P. 1(a) provides that: "In the event that a procedure is not established by these rules, the Wyoming Rules of Civil Procedure shall govern." However, we decline to import the "deemed denied" rule into criminal proceedings where a district court is required either by the tenor of the governing rules, or the precepts of due process, to timely dispose of motions filed by criminal defendants. *See Patrick v. State,* 2005 WY 32, ¶ 8, 108 P.3d 838, 841 (Wyo.2005).

[¶ 13] For this reason, we dismiss this appeal and remand the matter to the district court with directions that it rule in a timely manner on the merits of DeLoge's motion for the return of his property. Because of this disposition, we will not address the other issues raised by DeLoge at this time.

**Case No. 04–129**

[¶ 14] The district court denied DeLoge's motion to withdraw his guilty plea on the basis that it lacked jurisdiction to consider the motion because of the application of *Nixon v. State,* 2002 WY 118, 51 P.3d 851 (Wyo.2002). DeLoge filed his motion to withdraw his guilty plea before his appeal was resolved and, hence, *Nixon* does not apply to the circumstances of his case.

[¶ 15] DeLoge styled his motion to withdraw his guilty plea very much along the lines of a similar motion filed in the case of *Brock v. State,* 981 P.2d 465 (Wyo.1999). There we held that the district court was required to conduct a hearing on Brock's motion to withdraw his guilty pleas under the circumstances of Brock's case (his claims were facially substantive claims of ineffective assistance of counsel). However, Brock filed his motion to withdraw his guilty pleas prior to sentencing, whereas DeLoge's motion was filed after sentencing and well after his appeal was in process.

[¶ 16] W.R.Cr.P. 32(d) provides that such a plea may only be set aside to correct a manifest injustice. Reading DeLoge's pleadings as generously as they can be read, we do not find in them circumstances arising to the level of "manifest injustice." We have characterized the concept of "manifest injustice" in these terms:

> W.R.Cr.P. 32(d) provides that if a motion to withdraw a plea is made after sentencing, a plea "may be set aside only to correct manifest injustice." "Manifest injustice" contemplates a "situation that is unmistakable or indisputable, was not foreseeable, and affects the substantial rights of a party." *McCarthy v. State,* 945 P.2d 775, 776 (Wyo.1997). It is, in part, intended to address " ' "a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." ' " *United States v. Blackwell,* 127 F.3d 947, 956 (10th Cir.1997) (quoting *United States v. Todaro,* 982 F.2d 1025, 1028 (6th Cir.), cert. denied, 508 U.S. 943, 113 S.Ct. 2424, 124 L.Ed.2d 645 (1993) and F.R.Cr.P. 32(d)). The party seeking to withdraw his pleas bears the burden of

demonstrating manifest injustice. *State v. McDermott,* 962 P.2d 136, 139 (Wyo.1998). Justification for this heightened standard for withdrawal of a plea after sentencing is based in the

"practical considerations important to the proper administration of justice. Before sentencing, the inconvenience to court and prosecution resulting from a change of plea is ordinarily slight as compared with the public interest in protecting the right of the accused to trial by jury. But if a plea of guilty could be retracted with ease after sentence, the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe. The result would be to undermine respect for the courts and fritter away the time and painstaking effort devoted to the sentencing process."

*Id.* at 138 (quoting *Hicklin v. State,* 535 P.2d 743, 749 (Wyo.1975) and *Kadwell v. United States,* 315 F.2d 667, 670 (9th Cir.1963)) (emphasis in original).

A district court has discretion in determining whether a party has proved manifest injustice. Absent an abuse of that discretion, we will not disturb the district court's determination. *McDermott,* 962 P.2d at 138. A district court's decision to deny a motion to withdraw a plea "will not be reversed for an abuse of discretion so long as the district court reasonably could conclude as it did." *Nixon v. State,* 4 P.3d 864, 869 (Wyo. 2000). *Browning v. State,* 2001 WY 93, ¶¶ 27–28, 32 P.3d 1061, 1069–70 (Wyo.2001). *Ingersoll v. State,* 2004 WY 102, ¶ 19, 96 P.3d 1046, 1051–52 (Wyo.2004) (quoting *Reyna v. State,* 2001 WY 105, ¶ 27, 33 P.3d 1129, 1137–38 (Wyo.2001)).

[¶ 17] DeLoge's motion did not set out facts or circumstances that constituted a manifest injustice. It is well settled that we may affirm the district court's decision on any legal ground appearing in the record. *Lacey v. State,* 2003 WY 148, ¶ 10, 79 P.3d 493, 495 (Wyo.2003). Therefore, we affirm the district court's denial of the motion on the basis that the district court's only proper course of action was to deny the motion as failing the "manifest injustice" test.

## EXHAUSTION OF STATE REMEDIES

[¶ 18] Although not explicitly raised as an issue in these appeals, we are compelled to take note that DeLoge has exhausted his state remedies in this criminal matter by means of his direct appeal and two petitions for post conviction relief. As noted above, the district court is required to consider DeLoge's motion for the return of his property, but may decline to consider any additional matters relating to this criminal case. Any further pleadings filed by DeLoge in the district court relating to this criminal matter may be summarily dismissed or denied by the district court.

## CONCLUSION

[¶ 19] The appeal in Case No. 04–85 is dismissed, and that matter is remanded to district court for further proceedings consistent with this opinion. The appeal in Case No. 04–129 is affirmed, although on a basis different from that articulated by the district court.