**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 12, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STEVEN A. DELOGE,

      Petitioner-Appellant,

v.

SCOTT ABBOTT, Warden, Wyoming
State Penitentiary and PATRICK
CRANK, Wyoming Attorney General,

      Respondents-Appellees.

No. 08-8081

District of Wyoming

(D.C. No. 2:04-CV-00317-ABJ)

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **LUCERO**, **MURPHY**, and **McCONNELL**, Circuit Judges.

Steven A. Deloge, a state prisoner proceeding *pro se*, seeks a certificate of

appealability (COA) that would allow him to appeal from the district court's order

denying his habeas corpus petition under 28 U.S.C. § 2254. *See* 28 U.S.C. §

2253(c)(1)(A). Because we conclude that Mr. Deloge has failed to make "a

substantial showing of the denial of a constitutional right," we deny his request

for a COA, and dismiss the appeal. 28 U.S.C. § 2253(c)(2).

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

Mr. DeLoge was charged with eleven counts of second degree sexual assault against his then eight-year-old step-daughter. He pled guilty to six of the counts in exchange for an agreement by the State to drop the other five and refrain from filing any other criminal charges arising out of his abuse of the victim in Wyoming. The trial court sentenced Mr. DeLoge to six consecutive life sentences.

In March 2001, Mr. DeLoge appealed to the Wyoming Supreme Court. While the appeal was pending, Mr. DeLoge filed a motion to withdraw his guilty plea, claiming it was involuntary. While this motion was pending, the Wyoming Supreme Court affirmed Mr. DeLoge's sentences in a unanimous opinion. *DeLoge v. State*, 55 P.3d 1233 (Wyo. 2002) (*DeLoge I*). Mr. DeLoge then filed a motion in the trial court seeking the return of his seized property. The trial court denied Mr. DeLoge's motion to withdraw his guilty pleas, but did not rule on his motion for return of seized property. Mr. DeLoge considered the motion denied after 90 days pursuant to Wyoming law and appealed the denials of both motions. The Wyoming Supreme Court affirmed the trial court's denial of his motion to withdraw his guilty pleas, and remanded for the district court to rule on the merits of his motion for return of seized property. *DeLoge v. State*, 123 P.3d 573, 578, 579 (Wyo. 2005) (*DeLoge II*).

Mr. DeLoge filed a *pro se* state petition for post-conviction relief, which the district court denied. He petitioned the Wyoming Supreme Court for review,

and it denied the petition without comment. He then filed a federal habeas petition with the United States District Court for the District of Wyoming on January 19, 2005, raising the same issues he raised in his state habeas proceeding. The district court, in an 85-page order, denied Mr. DeLoge's petition, finding that he "ha[d] not stated a claim upon which th[e] Court [could] grant relief." Dist. Ct. Or. 1. He now seeks a certificate of appealability (COA) raising many of the same issues.

The denial of a motion for relief under 28 U.S.C. § 2254 may be appealed only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Although Mr. DeLoge need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted).

Having undertaken a review of Mr. DeLoge's application for a COA and appellate filings, the district court's order, and the entire record on appeal

pursuant to the framework set out by the Supreme Court in *Miller-El*, this court concludes he is not entitled to a COA. The district court's resolution of Mr. DeLoge's § 2254 motion is not reasonably subject to debate and the issues he seeks to raise on appeal are not adequate to deserve further proceedings. Accordingly, this court **DENIES** Mr. DeLoge's request for a COA and dismisses this appeal.

Entered for the Court,

Michael W. McConnell
Circuit Judge