# IN THE SUPREME COURT, STATE OF WYOMING

## 2013 WY 33

OCTOBER TERM, A.D. 2012

*March 19, 2013*

STEVEN A. DELOGE,

Appellant
(Plaintiff),

v.

SCOTT HOMAR, LARAMIE DISTRICT
ATTORNEY and CHEYENNE POLICE
DEPARTMENT,

Appellees
(Defendants).

S-12-0130

*Appeal from the District Court of Laramie County*
*The Honorable Michael Davis, Judge*

*Representing Appellant:*
　　Steven A. DeLoge, *Pro se.*

*Representing Appellees:*
　　Gregory A. Phillips, Wyoming Attorney General; John D. Rossetti, Deputy
　　Attorney General; and Patricia L. Bach, Senior Assistant Attorney General for
　　Laramie County District Attorney's Office; and J. Mark Stewart of Davis &
　　Cannon, LLP, Cheyenne, WY, for Cheyenne Police Department.

*Before KITE, C.J., HILL, VOIGT, BURKE, JJ., and GOLDEN, J., Retired.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**HILL,** Justice.

[¶1]    In 2011, Steven DeLoge filed a 42 U.S.C. § 1983 complaint for damages arising out of property confiscated from his home in 1999 when he was arrested and convicted on six counts of sexual assault.  The district court dismissed Mr. DeLoge's complaint as time barred, and in his fifth appearance before this Court, Mr. DeLoge appeals.  We affirm.

## ISSUES

[¶2]    Mr. DeLoge appears *pro se* and presents the following issues on appeal:

> Issue I:  Whether the district court correctly dismissed the 42 U.S.C. § 1983 complaint finding the claims barred by statute of limitations and failure to file governmental claims?
>
> Issue II:  Whether the district court opinion and order on motions to dismiss the 42 U.S.C. § 1983 complaint denied [DeLoge] full and fair adjudication based on the merits of the case?
>
> Issue III:   Whether the Supreme Court should consider barring [DeLoge] from further litigation relating to this matter.

## FACTS

[¶3]    Pursuant to multiple search warrants, the Cheyenne Police Department seized property from Mr. DeLoge's residence on November 5, 1999 and November 7, 1999.  Subsequent to that search, Mr. DeLoge was convicted on six counts of second degree sexual assault and sentenced to six consecutive life sentences, which conviction and sentence was affirmed in Mr. DeLoge's first appeal to this Court.  *DeLoge v. State*, 2002 WY 155, 55 P.3d 1233 (Wyo. 2002) (*DeLoge I*).

[¶4]    On October 6, 2003, Mr. DeLoge filed a motion for preservation and return of seized property in district court.  *DeLoge v. State*, 2005 WY 152, ¶ 6, 123 P.3d 573, 575 (Wyo. 2005) (*DeLoge II*).  When the district court had not ruled on that motion within ninety days, Mr. DeLoge appealed, relying  on the "deemed denied" provision of W.R.C.P. 6(c)(2).  *Id*.  This Court ruled that the "deemed denied" rule did not apply, and we remanded to the district court for a decision on the property motion.  *Id*. ¶¶ 12, 13, 123 P.3d at 578.

1

[¶5]     On remand, Mr. DeLoge requested a hearing on his property motion, moved the district court to appoint counsel, and moved to disqualify the judge. *DeLoge v. State*, 2007 WY 71, ¶ 5, 156 P.3d 1004, 1007 (Wyo. 2007) (*DeLoge III*).  During a hearing on the property motion, the State represented that "it no longer had possession of Mr. DeLoge's property because it had been transferred to authorities in Mississippi and Washington in furtherance of ongoing missing person investigations."  *Id*. ¶ 7, 156 P.3d at 1007.[1]  The district court thereafter issued an order denying Mr. DeLoge's motions and directing that the property be returned to the court for further proceedings when the agencies in Mississippi and Washington had completed their investigations and the items were no longer of evidentiary value to them.  *Id*. ¶¶ 6-7, 156 P.3d at 1007.  This Court affirmed the orders denying appointment of counsel and disqualification of the judge, but we held that the court erred in not requiring the State to submit evidence regarding the government's continued interest in retention of the property and remanded for additional proceedings.  *Id*. ¶ 27, 156 P.3d at 1012.

[¶6]     On remand, the district court held a hearing during which the State presented evidence that "Wyoming authorities had possession of some of Mr. DeLoge's property," but that the remaining property had been transferred to Mississippi authorities in 2000.  *DeLoge v. State*, 2010 WY 60, ¶¶ 11-12, 231 P.3d 862, 864 (Wyo. 2010) (*DeLoge IV*).  The State arranged for the return of property in its possession to Mr. DeLoge, and the district court, because it lacked jurisdiction over property held in another state, directed the district attorney to request an itemization from Mississippi authorities.  *Id*.  The district attorney requested the itemization, but when the Mississippi authorities did not respond, the district attorney moved to close the case as no further remedy was available to DeLoge.  *Id*.  In March 2009, the district court granted the motion, and Mr. DeLoge then requested that the State be ordered to compensate him for the loss of his property, which request the court denied.  *Id*., ¶ 13, 231 P.3d 864.  Mr. DeLoge appealed, and this Court affirmed, holding in part that "the district court correctly denied Mr. DeLoge's request for damages because his claim is barred by the doctrine of sovereign immunity."  *Id*. ¶ 26, 231 P.3d at 867-68.

[¶7]     On August 22, 2011, Mr. DeLoge initiated the present case by filing a complaint in district court.  Through his complaint, Mr. DeLoge alleged that he had been deprived of his property in violation of his federal and state constitutional rights, and he sought damages for his property loss pursuant to the Civil Rights Act, 42 U.S.C. § 1983.  The property at issue was the property seized in the 1999 search of Mr. DeLoge's residence, and included property belonging to Mr. DeLoge, as well as property belonging to his victim, including a child's bed sheets, leotard, panties, tights and slip.  In his complaint,

---

[1] The investigation in Washington pertains to a missing person report of Mr. DeLoge's half-sister. That investigation has been ongoing for more than twenty years. The investigation in Mississippi relates to the disappearance of Mr. DeLoge's common-law wife, who is the mother of Mr. DeLoge's eight-year-old victim.  *DeLoge III*, ¶ 7, 156 P.3d at 1007, n.2.

2

Mr. DeLoge alleged that he had served the required notice of claim pursuant to the Wyoming Governmental Claims Act on June 19, 2010.

[¶8]    The Cheyenne Police Department, District Attorney Scott Homar, and the Laramie County District Attorney's Office filed motions to dismiss, which Mr. DeLoge opposed. The district court granted the motions to dismiss on grounds that Mr. DeLoge's claims were barred by the statute of limitations applicable to the Civil Rights Act and by the claim and filing limitations of the Wyoming Governmental Claims Act.  The court concluded its decision with the following comment:

> The Court will also note that this controversy over property seized in 1999 has now lingered in the court system for nearly a decade.  It can only hope that if the Supreme Court affirms this decision, it will consider barring Plaintiff from filing additional suits relating to this subject matter without first obtaining its permission to do so.  *Cosco v. Lampert*, 2010 WY 52, ¶ 11, 229 P.3d 962, 974 (Wyo. 2010).

## STANDARD OF REVIEW

[¶9]    We review an order dismissing a complaint for failure to state a claim as follows:

> When reviewing W.R.C.P. 12(b)(6) motions to dismiss, we accept the facts stated in the complaint as true and view them in the light most favorable to the plaintiff. We will sustain such a dismissal when it is certain from the face of the complaint that the plaintiff cannot assert any fact which would entitle him to relief.

*Sinclair v. City of Gillette*, 2012 WY 19, ¶ 8, 270 P.3d 644, 646 (Wyo. 2012) (quoting *Belden v. Lampert*, 2011 WY 83, ¶ 6, 251 P.3d 325, 327 (Wyo. 2011)).

[¶10]   The application of a statute of limitations is a question of law that is reviewed *de novo.  Whitney Holding Corp. v. Terry*, 2012 WY 21, ¶ 31, 270 P.3d 662, 671 (Wyo. 2012).  Jurisdictional issues likewise present questions of law that this Court reviews *de novo.  Hall v. Park County*, 2010 WY 124, ¶ 3, 238 P.3d 580, 581 (Wyo. 2010).

## DISCUSSION

[¶11]   In ruling on the timeliness of Section 1983 claims, federal law requires that state courts apply the statute of limitations applicable to a state personal injury claim, which in Wyoming is a four-year statute of limitations.  *See Ray v. St. Vincent Healthcare, Inc.*,

2006 WY 98, ¶¶ 11-12, 139 P.3d 464, 467 (Wyo. 2006); Wyo. Stat. Ann. § 1-3-105(a)(iv)(C) (LexisNexis 2011). Because Wyoming is a discovery jurisdiction, this four-year period is "triggered when a plaintiff knows or has reason to know of the existence of a cause of action." *Redland v. Redland*, 2012 WY 148, ¶ 54, 288 P.3d 1173, 1186 (Wyo. 2012). We have further explained:

> That is, the statute begins to run when the claimant is chargeable with information which should lead him to believe he has a claim. If the material facts are in dispute, the application of a statute of limitations is a mixed question of law and fact; otherwise, it is a question of law.

*Redland*, ¶ 54, 288 P.3d at 1187 (quoting *Carnahan v. Lewis*, 2012 WY 45, ¶ 27, 273 P.3d 1065, 1073 (Wyo.2012)).

[¶12]  Mr. DeLoge seeks damages for his property that was transferred to authorities in Washington and Mississippi. The Cheyenne Police Department seized the property in question on November 5, 1999 and November 7, 1999. As early as October 2003, Mr. DeLoge began to file motions seeking the return of his property. *DeLoge II*, ¶ 6, 123 P.3d at 575. During a June 6, 2006 hearing, in which Mr. DeLoge participated, the State informed the district court and Mr. DeLoge that the State had transferred the property to authorities in Mississippi and Washington. *DeLoge III*, ¶ 7, 156 P.3d at 1007. Given these undisputed facts, we agree with the district court that while it is possible that the statute of limitations began to run in October 2003, June 6, 2006 "is the last date on which [Mr. DeLoge] could legitimately claim that he was unaware that the State of Wyoming no longer had at least some of his property."

[¶13]  Even applying the more generous trigger date for the four-year statute of limitations, Mr. DeLoge filed outside the limitations period. The deadline for Mr. DeLoge to file his complaint was June 5, 2010, and he did not file until August 22, 2011, over a year late. The district court properly dismissed the complaint as time barred. Because we so conclude, we need not address the other grounds for dismissal, including timeliness of Mr. DeLoge's filings under the Wyoming Governmental Claims Act.

[¶14]  We turn last to the district court's suggestion that Mr. DeLoge be precluded from filing further actions related to the property at issue in this appeal without first obtaining permission to do so. The seized property at issue in this appeal, on which Mr. DeLoge places a value of approximately $8,800.00, has been the subject of at least nine years of litigation. We find that the issues relating to this property are concluded, and in order to ensure that finality, we direct that Mr. DeLoge be prohibited from filing any further litigation relating to the subject matter of this case in any court of the State of Wyoming without first having obtained leave of this Court to do so. *See Cosco v. Lampert*, 2010 WY 52, ¶ 24, 229 P.3d 962, 974 (Wyo. 2010).

## CONCLUSION

[¶15]  The district court properly dismissed Mr. DeLoge's Section 1983 complaint for damages as time barred, and the district court's decision is therefore affirmed, and we direct that Mr. DeLoge be prohibited from filing any further litigation relating to the subject matter of this case in any court of the State of Wyoming without first having obtained leave of this Court to do so.