# IN THE SUPREME COURT, STATE OF WYOMING

## 2013 WY 104

APRIL TERM, A.D. 2013

September 4, 2013

IN THE INTEREST OF:

MF,

Appellant
(Minor Child),

v.

THE STATE OF WYOMING,

Appellee
(Plaintiff).

S-13-0074

*Appeal from the District Court of Natrona County*
*The Honorable Catherine E. Wilking, Judge*

*Representing Appellant:*
    Timothy C. Cotton of Timothy C. Cotton, P.C., Casper, WY.

*Representing Appellee:*
    Gregory A. Phillips, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Jeffrey Pope, Assistant Attorney General; and Lucas Wallace, Student Intern. Argument by Mr. Wallace.

*Before KITE, C.J., and HILL, VOIGT, BURKE, and DAVIS, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**HILL,** Justice.

[¶1]    Shortly before his sixteenth birthday, MF was adjudicated a "child in need of supervision," pursuant to the Wyoming Child in Need of Supervision Act (CHINS Act). After two probation violations, and four months before MF's seventeenth birthday, the juvenile court issued an order requiring that MF remain in the custody of the Department of Family Services (DFS) and on probation until his eighteenth birthday.  MF appeals the juvenile court order, contending that any CHINS order must terminate when the child turns seventeen.  We agree, and we reverse and vacate the court's order to the extent the order purports to have effect beyond MF's seventeenth birthday.

## ISSUE

[¶2]    MF states the issue as follows:

> 1.    Whether the Trial Court exceeded its authority when it ordered jurisdiction, without consent of the minor child, in a Child In Need Of Supervision proceeding until his eighteenth birthday.

## FACTS

[¶3]    MF was born on June 25, 1996.  On March 28, 2012, when MF was fifteen, the State of Wyoming filed a petition alleging that MF was a child in need of supervision and requesting that the juvenile court assume jurisdiction over the custody and control of MF. The grounds asserted in support of the CHINS petition were school truancy, school disciplinary actions, and conduct at home.  A hearing was held on the CHINS petition on May 16, 2012, and during that hearing, MF admitted the allegations against him and admitted that he was a child in need of supervision.  The juvenile court then adjudged MF a child in need of supervision and ordered him placed on juvenile probation for six months.

[¶4]    On August 17, 2012, the State filed a petition to revoke MF's probation asserting that MF had violated the terms of his probation by violating summer school rules and being expelled from summer school, by being noncompliant with home rules and being continually verbally abusive to his mother, and by failing to maintain contact with his probation officer.  The juvenile court held a hearing on the State's revocation petition on September 11, 2012, and MF, pursuant to a plea agreement with the State, admitted to the revocation allegations.  In response, the court revoked MF's probation and ordered that MF be placed in a local group home and complete one year of supervised probation.

[¶5]    On January 28, 2013, the State filed a second petition to revoke MF's probation asserting that MF had violated the terms of his probation by violating rules of the local

1

group home, violating school rules, being physically violent, and failing to cooperate with therapy. MF admitted to violating the terms of his probation. The juvenile court thereafter revoked MF's probation, and it further ordered that MF remain in DFS custody, that he be placed at Normative Services, Inc., a residential treatment program in Sheridan, Wyoming, and that he remain on probation until his eighteenth birthday. MF timely appealed.

## STANDARD OF REVIEW

[¶6]    MF's jurisdictional challenge to the juvenile court's order presents a question of statutory interpretation. Statutory interpretation is a question of law that this Court reviews *de novo*. *Rock v. Lankford*, 2013 WY 61, ¶ 17, 301 P.3d 1075, 1080 (Wyo. 2013); *In re DCP*, 2001 WY 77, ¶ 7, 30 P.3d 29, 30 (Wyo. 2001). Jurisdictional issues are also questions of law that we review *de novo*. *DeLoge v. Homar*, 2013 WY 33, ¶ 10, 297 P.3d 117, 120 (Wyo. 2013).

## DISCUSSION

[¶7]    The juvenile court held that it had statutory authority to issue a CHINS order that continued in effect beyond MF's seventeenth birthday. Specifically, the court issued an order that gave DFS legal custody of MF and imposed probationary conditions on MF until he was eighteen years of age. MF argues that the court's order exceeded its authority under the CHINS Act, contending that the court's jurisdiction over a child in need of supervision ends when the child reaches the age of seventeen. We agree.[1]

[¶8]    We interpret the governing provisions of the CHINS Act in accordance with our rules of statutory interpretation:

> In interpreting statutes, our primary consideration is to determine the legislature's intent. All statutes must be construed *in pari materia* and, in ascertaining the meaning of a given law, all statutes relating to the same subject or having the same general purpose must be considered and construed in harmony. Statutory construction is a question of law, so our standard of review is de novo. We endeavor to interpret statutes in accordance with the legislature's intent. We begin by making an inquiry respecting the ordinary and obvious

---

[1]    In its ruling, the juvenile court stated, "My review of the CHINS statutes is clear that I am to have jurisdiction over [MF] well beyond his 17th birthday." It thus does not appear that the juvenile court was purporting to exercise equitable jurisdiction, and equitable jurisdiction is not asserted by the State as a ground for upholding the court's ruling. We nonetheless reiterate our longstanding principle that "the exercise of equitable jurisdiction may not prevail over statutory language." *In re DCP*, 2001 WY 77, ¶ 17, 30 P.3d 29, 32 (Wyo. 2001) (quoting *In re Hartt's Estate*, 295 P.2d 985, 991 (Wyo. 1956)).

2

meaning of the words employed according to their arrangement and connection. We construe the statute as a whole, giving effect to every word, clause, and sentence, and we construe all parts of the statute *in pari materia*. When a statute is sufficiently clear and unambiguous, we give effect to the plain and ordinary meaning of the words and do not resort to the rules of statutory construction. Moreover, we must not give a statute a meaning that will nullify its operation if it is susceptible of another interpretation.

Moreover, we will not enlarge, stretch, expand, or extend a statute to matters that do not fall within its express provisions.

Only if we determine the language of a statute is ambiguous will we proceed to the next step, which involves applying general principles of statutory construction to the language of the statute in order to construe any ambiguous language to accurately reflect the intent of the legislature. If this Court determines that the language of the statute is not ambiguous, there is no room for further construction. We will apply the language of the statute using its ordinary and obvious meaning.

Whether a statute is ambiguous is a question of law. A statute is unambiguous if reasonable persons are able to agree as to its meaning with consistency and predictability, while a statute is ambiguous if it is vague or uncertain and subject to varying interpretations.

*Rock*, ¶ 20, 301 P.3d at 1080-81 (quoting *Redco Const. v. Profile Props., LLC*, 2012 WY 24, ¶ 26, 271 P.3d 408, 415-16 (Wyo. 2012)).

[¶9]    The dispute in this appeal centers on interpretation of the CHINS Act provision governing the duration of CHINS orders. The Act specifies:

Unless sooner terminated by court order, all orders issued under this act shall terminate with respect to a child adjudicated in need of supervision when he reaches seventeen (17) years of age. If the child is still in the custody of the department upon attaining the age of seventeen (17) years, services may be provided on a case by case basis.

3

Wyo. Stat. Ann. § 14-6-431(b) (LexisNexis 2013).

[¶10] MF focuses his argument on the provision's first sentence, which states in plain terms that all CHINS orders expire when the adjudicated child reaches seventeen years of age. The State, on the other hand, emphasizes the second sentence, which the State contends acts as an exception to the general rule stated in the first sentence. The State argues that in order to give effect to the second sentence,

> the juvenile court must determine, on a case by case basis, whether it is appropriate to order DFS to continue to provide CHINS services after a child turns seventeen. This is exactly what the juvenile court did in MF's case. After reviewing the circumstances of MF's case, the court determined it was appropriate to retain CHINS jurisdiction beyond the child's seventeenth birthday.
>
> If, however, CHINS orders were to terminate automatically, regardless of the juvenile court's case by case determination, DFS would not be able to provide any CHINS services to a seventeen-year-old.

[¶11] We reject the State's interpretation of section 431(b)'s second sentence because it requires that we add terms to the provision, and consistent with our rules of interpretation, we will not supply missing terms or expand a statute's meaning beyond its plain language. We find the first sentence of § 14-6-431(b) to be clear and unambiguous in its requirement that all CHINS orders must terminate when the adjudicated child reaches the age of seventeen. The second sentence does not use language that would identify it as an exception to that requirement, with, for example, the use of terms like "except," or "unless." Nor does the second sentence contain language extending the juvenile court's authority over the child's legal status, custody or placement. It does not, for example, state that "the juvenile court may, on a case by case basis, order that DFS provide services after the child reaches the age of seventeen." Instead, the second sentence uses the passive voice, stating "services may be provided." As the State acknowledges, it is DFS that provides services, not the juvenile court. Given section 431(b)'s plain language, we simply cannot find the extension of the juvenile court's CHINS jurisdiction for which the State argues.

[¶12] We also disagree with the State's contention that the only way to ensure that a seventeen-year-old minor continues to receive services is to read section 431(b)'s second sentence to extend the juvenile court's jurisdiction. Such an interpretation unnecessarily constrains the second sentence's grant of authority to DFS. Given its plain language and its placement immediately following the termination provision, we find that section

4

431(b)'s second sentence clearly and unambiguously allows DFS to provide continuing services on a case by case basis despite the termination of the governing CHINS order.

[¶13] Of course, unless DFS has continuing legal custody of the minor pursuant to a non-CHINS order or some other authority, its ability to provide the case by case services will depend on both DFS' willingness to provide the services and the minor's willingness to receive the services. And we recognize, as the State argues, that a minor who has been adjudicated a child in need of supervision may not always exercise the best judgment in deciding whether to accept a DFS offer of services. This interpretation is, however, consistent with what we find to be a clear legislative intention that a juvenile court's supervision of a minor pursuant to the CHINS Act ends when a minor reaches the age of seventeen. This intention is expressed in the first sentence of § 14-6-431(b), and we find it confirmed in the Act's very definition of a child in need of supervision:

> "Child in need of supervision" means any child *who has not reached his seventeenth birthday* who is habitually truant or has run away from home or habitually disobeys reasonable and lawful demands of his parents, guardian, custodian or other proper authority or is ungovernable and beyond control. "Child in need of supervision" includes any child *who has not reached his seventeenth birthday* who has committed a status offense[.]

Wyo. Stat. Ann. § 14-6-402(a)(iv) (LexisNexis 2013) (emphasis added).

## CONCLUSION

[¶14] The plain language of § 14-6-431(b) requires that all CHINS orders terminate when an adjudicated child reaches the age of seventeen, and the juvenile court therefore did not have the authority to issue a CHINS order that imposed conditions beyond MF's seventeenth birthday. We reverse and vacate the court's order to the extent the order purports to have effect beyond MF's seventeenth birthday.