**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 11, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

STEVEN R. ERVIN,

      Plaintiff – Appellant,

v.

CARBON COUNTY SHERIFF'S
DEPARTMENT; RAWLINS POLICE
DEPARTMENT; ERNIE HICKS,
individually, and in his official capacity as
Carbon County Under Sheriff; RON
BJORK; VANNY BJORK; STACEY
BJORK GOLDMAN; JASON BJORK;
JERRY COLSON, individually, and as
Carbon County Sheriff,

      Defendants – Appellees.

No. 14-8079
(D.C. No. 1:14-CV-00053-NDF)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.

---

     * After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

Steven Ervin, an individual in state custody proceeding pro se,[1] appeals the dismissal of his 42 U.S.C. § 1983 claim.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Ervin filed suit in federal district court alleging that numerous individuals, including members of the Carbon County Sheriff's Department, violated his civil rights because he was an African-American man in a relationship with a white woman.  Specifically, he alleges that the Sheriff's Department harassed his family beginning in 1967, attempted to murder and otherwise threatened him in the early 1980s, and maliciously prosecuted him in 1999.  The district court dismissed his claims pursuant to 28 U.S.C. § 1915(e)(2)(B).  Ervin timely appealed.[2]

We conclude the district court appropriately dismissed Ervin's claims as time-barred.  See Fratus v. DeLand, 49 F.3d 673, 674-75 (10th Cir. 1995) (in screening a complaint under § 1915, "the district court may consider affirmative defenses sua sponte only when the defense is obvious from the face of the complaint and no further factual record is required to be developed" (quotation and alteration omitted)).  For § 1983 actions, the limitations period is determined by state law.  Id. at 675.  In Wyoming, this

---

[1] Because Ervin proceeds pro se, we construe his filings liberally.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Ervin's time to appeal began running 150 days after the order of dismissal issued because the district court did not enter a separate judgment.  See Fed. R. Civ. P. 58(c)(2)(B).

period is four years.  <u>DeLoge v. Homar</u>, 297 P.3d 117, 120 (Wyo. 2013).  Ervin's claims

are based on conduct that occurred fifteen years or more before he filed suit.

On appeal, Ervin argues that defendants engaged in a continuing course of

misconduct, and that at least one act occurred within the limitations period.  <u>See generally</u>

<u>Bergman v. United States</u>, 751 F.2d 314, 317 (10th Cir. 1984) (discussing continuing

violation theory).  However, Ervin does not direct us to any allegations in his complaint

that occurred within four years of the date he filed suit.  Ervin also argues that there is no

statute of limitations for various criminal charges.  However, the criminal limitations

period has no relevance in this civil case.

Because Ervin has not identified any error in the district court's reasoning, the

judgment of the district court is **AFFIRMED**.  Ervin's motion to proceed in forma

pauperis is **GRANTED**, but we remind him of his obligation to make partial payments

until the district court and appellate filing fees are paid in full.  <u>See</u> 28 U.S.C.

§ 1915(b)(1).

<div style="margin-left:40%">

Entered for the Court


Carlos F. Lucero
Circuit Judge

</div>

-3-