# IN THE SUPREME COURT, STATE OF WYOMING

## 2017 WY 71

APRIL TERM, A.D. 2017

June 14, 2017

STEVEN A. DELOGE,

Appellant
(Defendant),

v.

S-16-0283

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Laramie County*
*The Honorable Thomas T.C. Campbell, Judge*

*Representing Appellant:*
    Steven A. DeLoge, *pro se*.

*Representing Appellee:*
    *No appearance.*

*Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**Fox, Justice.**

[¶1]    Steven DeLoge filed a *pro se* motion in the district court seeking to correct a clerical error regarding the spelling of his name.  Finding no clerical error, the district court denied that motion.  Mr. DeLoge appealed and we will affirm.

[¶2]    In 2000, Mr. DeLoge pleaded guilty to six counts of second-degree sexual assault for abusing his girlfriend's eight-year-old daughter.  He was sentenced to six consecutive life sentences, which this Court affirmed on appeal.  *DeLoge v. State*, 2002 WY 155, 55 P.3d 1233 (Wyo. 2002) (*DeLoge I*).  Since then, this Court has considered a series of appeals filed by Mr. DeLoge.  *See DeLoge v. State*, 2005 WY 152, 123 P.3d 573 (Wyo. 2005) (*DeLoge II*) (review of motion to withdraw guilty plea, return of seized property, and writ of review challenging dismissal of petition for post-conviction relief); *DeLoge v. State*, 2007 WY 71, 156 P.3d 1004 (Wyo. 2007) (*DeLoge III*) (review of district court's denial of motion for return of seized property); *DeLoge v. State*, 2010 WY 60, 231 P.3d 862 (Wyo. 2010) (*DeLoge IV*) (review of denial of motion to return seized property); *DeLoge v. State*, 2012 WY 128, 289 P.3d 776 (Wyo. 2012) (*DeLoge V*) (affirming district court's denial of motion to correct illegal sentence); *DeLoge v. Homar*, 2013 WY 33, 297 P.3d 117 (Wyo. 2013) (*DeLoge VI*) (action for damages arising out of the confiscation of his property).  The current matter began when Mr. DeLoge filed a W.R.Cr.P. 36 motion in the district court, requesting that the spelling of his surname in his Judgment and Sentence Order be corrected from DELOGE to "DeLoge" or "De Loge."  The district court denied the motion, explaining that the "caption on the Court documents identifies Plaintiff and Defendant both in all capitalized letters.  This is not a clerical error and is used to emphasize the names of the Parties to the lawsuit."  This appeal followed.

[¶3]    The Wyoming Rules of Criminal Procedure provide that "[c]lerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders."  W.R.Cr.P. 36.  The question is whether there has been a clerical error or no error at all.

[¶4]    The Judgment and Sentence to which Mr. DeLoge objects refers to Mr. DeLoge as DELOGE in both the caption and the text.  The district court explained that capitalization in the caption "emphasize[s] the names of the Parties to [a] lawsuit" and in the text it "clearly identif[ies] the Defendant."

[¶5]    In his brief, Mr. DeLoge concedes that both "De Loge" or "DeLoge" are acceptable: he asserts that the "district court . . . failed to properly designate his legal name as De Loge," but he also states that "[a]lthough this Court has not separated the surname into its two parts (space between De and Loge), this Court adequately identified Appellant by designating a capit[a]l L in the second part of his surname[.]"  He also

states that the federal courts correctly spelled his name as "DeLoge" in *DeLoge v. Abbott*, 340 Fed.Appx. 521 (10th Cir. 2009) and *DeLoge v. Wyoming*, 562 U.S. 971, 131 S.Ct. 482, 178 L.Ed.2d 305 (2010). Because he concedes that spelling DeLoge without the space is correct, there is no error. The district court did not misspell Mr. DeLoge's name when it capitalized its letters. We find that there was no clerical error in the Judgment and Sentence and affirm.

[¶6] We take this opportunity to remind Mr. DeLoge that this is a final order, and he has exhausted his remedies with respect to this matter. Further, Mr. DeLoge has exhausted all of his state remedies with respect to his convictions. *See DeLoge v. Homar*, 2013 WY 33, ¶ 14, 297 P.3d 117, 121 (Wyo. 2013); Wyo. Stat. Ann. §§ 7-14-101 through 7-14-108 (LexisNexis 2015).

[¶7] This Court finds that Mr. DeLoge should be barred from filing further pleadings, whether before the district court or before this Court, without first obtaining permission from this Court. The clerk of this Court and the clerk of district court are authorized to decline to file any papers submitted by Mr. DeLoge in his criminal case, and to decline to file any papers submitted by Mr. DeLoge that relate to his criminal case if filed as new claims, without prior permission. We adopt the conditions we set forth in *Barela v. State*, 2017 WY 66, ¶¶ 15-16, --- P.3d ---, --- (Wyo. 2017); *see also McMurray v. McCelmoore*, 445 Fed.Appx. 43, 46 (10th Cir. 2011). To obtain such permission, Mr. DeLoge must provide this Court with the following:

> 1. A list of all appeals and all original proceedings filed, whether currently pending or previously filed with this Court or a district court in Wyoming, including the name, number, and citation of each case, and the current status or disposition of each appeal or original proceeding; and
>
> 2. An affidavit which recites the issues he seeks to present, including a short discussion of the legal basis asserted therefor, and describing with particularity the issue being raised or the order being challenged. The affidavit must also certify, to the best of Mr. DeLoge's knowledge that: the legal arguments being raised are not frivolous or made in bad faith; they are warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law; the appeal or original proceeding is not interposed for any improper purpose; and he will comply with all applicable rules of court.

These filings shall be submitted to the clerk of this Court, who shall forward them for review to the chief justice to determine whether Mr. DeLoge may proceed. Without such authorization, the clerks of district court and the clerk of the Supreme Court shall not file papers submitted by Mr. DeLoge. If the chief justice authorizes an original proceeding or appeal to proceed, an order shall be entered confirming that authorization.

2

[¶8]    Mr. DeLoge shall have ten days from the date hereof to file written objections to these proposed filing restrictions, limited to ten pages.  If objections are timely filed, these restrictions will not take effect unless the Court overrules them.  If no objections are timely filed, these restrictions will take effect fifteen days after the date hereof.

[¶9]    There was no clerical error in the Judgment and Sentence and we therefore affirm. This Court orders Mr. DeLoge to show cause why the filing restrictions stated above should not be imposed.